TIMOTHY HUBBARD, APPELLEE, V. JOEL DRAPER ET AL., APPELLANTS.

1. **Foreclosure sale of real property:** APPRAISEMENT. A court may vacate an appraisement of real property ordered sold under a decree of foreclosure, but unless this is done there is no authority for making a second one until the property has been twice offered for sale, and remains unsold for want of bidders.

2. ————. The fact that the sale was made in view of a second and unauthorized appraisement is not of itself sufficient ground for setting it aside when in fact it conforms to a prior and valid one as to the price realized. In such case the error is without prejudice.

APPEAL from order confirming sale, made by POUND, J., in the district court for Otoe county.

*Edwin F. Warren*, for appellants.

*S. H. Calhoun*, for appellee.

LAKE, CH. J.

This is an appeal from an order of the district court for Otoe county overruling exceptions to and confirming a sale of some lots in Nebraska City, made under a decree of foreclosure,

The chief and perhaps only real objection to the sale seems to have been that it was made under an illegal appraisement. The decree ordering the property to be sold was made Oct. 12, 1880, and a stay for nine months taken.

On the 11th of August, 1881, an order was issued to the sheriff to carry the decree into execution, under which the property was appraised and advertised to be sold, but, before the day of sale arrived, this order was, by direction of the plaintiff's attorney, recalled, and an *alias* order issued. Under this second order a new appraisement was had, a sale made, which, on motion of the defendants who prosecute this appeal, was set aside.

The ground on which this sale was vacated is not manifest, as we have in the record nothing to indicate which of the several distinct exceptions were sustained. It is probable, however, that it may have been because of its having been made under the second appraisement, when it ought to have been made under the first, which had not been set aside, nor had there been any offer of the property under it.

An appraisement may, of course, be vacated by the court for any sufficient reason, but unless this be done, there is no authority for making a second one until the property has been twice offered for sale, and remains unsold for want of bidders. Code of civil procedure, § 495.

A third *alias* order for the sale of property was issued to the sheriff on the first day of March, 1882. Under it the sale now in question was made. From the sheriff's return it appears that this sale was nominally made under the second appraisement, whereby the valuation was considerably lower than that fixed by the first. Under this sale

but a very small number of the lots covered by the decree were disposed of, most of them remaining unsold for want of bidders.

But, although this sale was made nominally pursuant to the second valuation, the prices actually realized seem to be sufficient to answer the requirement of the first. At all events, it is not shown that they were less than two-thirds of the value as fixed by the first appraisement. For instance, block six in Hail & Co.'s addition to Nebraska City, consisting of twelve lots, is described in the decree as a whole, and was so appraised under the first order of sale at two hundred and forty-three dollars and sixty-one cents, two-thirds of which is one hundred and sixty-two dollars and forty cents. The sheriff sold six of these lots, or one-half of the whole block, for one hundred and sixty-seven dollars, thus realizing for one-half of this particular piece over four dollars more than he would have been justified in taking for the whole.

The residue of the property sold was six l t in block ninety-nine, in Nebraska City. These lots were, it seems, incumbered by quite an amount of taxes, and their value, after deducting these liens, was fixed at the sum of two hundred and thirty-two dollars and forty-three cents. The amount realized by the sale was one hundred and sixty dollars, which was more than two-thirds of their net value. The fact that the return of the officer shows the sale to have been made in view of a second and unauthorized appraisement is not of itself a sufficient ground for setting it aside, when in fact it conforms to a prior and valid one, as to the price realized.

One other objection is made to the confirmation of this sale. It is, that in making the appraisement the appraisers deducted from the gross value of some of the property covered by the decree certain taxes for which a sale had been made and a deed executed by the treasurer to the purchaser. This point is supported, it seems, by one affidavit on the

part of the defendants, and denied by one on the part of the plaintiff. There is no bill of exceptions, however, showing what the evidence before the district judge was, and it cannot, therefore, be here considered. As to the points of objection made to this sale the record discloses no prejudicial error, and the order confirming it must be sustained.

ORDER AFFIRMED.