CHARLES ALDRICH ET AL., APPELLEES, V. LAURA G. LEWIS ET AL., APPELLANTS.

[FILED JANUARY 28, 1890.]

**Foreclosure Sale:** INTERFERENCE WITH BIDDERS. Where it appears, by affidavits in the proceeding to confirm a sale of land made in a foreclosure proceeding, that there was an unwarrantable interference with a bidder at such sale by a county attorney, which interference was countenanced and communicated to such bidder by the sheriff making such sale, and by reason of such interference such bidder ceased to bid, and the land was sold at a sum materially below its value and below the amount which would have been bid had it not been for such interference, on appeal, *held*, that the sale be set aside.

APPEAL from the district court for Fillmore county. Heard below before MORRIS, J.

*F. B. Donisthorpe*, for appellants, cited *Taylor v. Courtnay*, 15 Neb., 199; *Paulett v. Peabody*, 3 Id., 196.

*W R. Gaylord*, for appellee Aldrich.

*W. C. Sloan,* for appellees, Swartz Bros. and J. B. Mc-Laughlin.

COBB, CH. J.

This proceeding was appealed from the decree confirming the sale of certain real estate in the district court of Fillmore county, in which Arlington M. Walrath and Kitty Walrath, his wife, are appellants.

On February 2, 1889, an order of sale was issued out of said court, returnable on the first day of the next term, commanding the sheriff to appraise, advertise and sell, according to law, the north half of the northwest quarter of section 23, of township 7 north, range 3 west of the 6th P. M., in said county, to satisfy a judgment of said court, rendered June 4, 1888, wherein Charles Aldrich was plaintiff, and Laura G. Lewis, Charles E. Lewis, Arlington M. Walrath, Kitty Walrath, E. Bennett & Son, and Charles A. Harvey & Co. were defendants, for the sum of $1,-184.45 and $51.48 costs.

The sheriff proceeded to execute said order, having the property appraised and advertised, and on March 9, 1889, at the court house in Geneva, sold the same to J. B. Mc-Laughlin for $1,655, not less than two-thirds of the appraised value, the interest of the appellants being appraised at $1,969.68.

On May 31, following, the appellants objected to the confirmation of the sale for the reasons that the sale was not conducted in a proper and fair manner, and that the return of the sale by the officer was not in accordance with law.

In support of his motion A. M. Walrath stated in his affidavit, filed May 29, "that he appeared on the day of the sale of his land as the agent of his mother, Hannah Walrath, she not being able to appear in person, and at the time and place of sale notified the sheriff that he was a bidder for said farm as such agent; that the sheriff stated

that W. C. Sloan (the county attorney) had notified him that he could not accept affiant's bid, it being affiant's farm that was being sold. Affiant says that he ceased to bid, thinking that perhaps there was some law said county attorney knew he was violating; and if it had not been for the statement of said county attorney, affiant as said agent would have been willing to have bought said farm at a higher bid of $200 than it was sold for."

S. E. Bower stated in his affidavit, filed May 29, "that he was present at the sale of said farm by the sheriff; that Arlington M. Walrath made a bid at the sale, when W. C. Sloan, county attorney, stated that he did not think Walrath's bid could be accepted by said sheriff, or words to that effect."

Hannah Walrath stated in her affidavit, filed May 29, "that she was the mother of Arlington M. Walrath, whose farm was sold by the sheriff of Fillmore county on March 9, 1889; that her son was fully authorized to act for her as her agent, on said day, to bid for said farm at said sale; that she has over $4,000 loaned out at four per cent per annum, and is fully able to purchase and pay for said farm."

F. B. Donisthorpe stated in his affidavit, filed May 29, "that he was present at the sale of said farm, under foreclosure proceedings by the sheriff, on March 9, 1889, and that the sheriff stated to affiant that W. C. Sloan (who is county attorney) had told him that he could not receive the bid of A. M. Walrath; that affiant stated to the sheriff that Walrath was bidding as the agent of his mother, Hannah Walrath, and that affiant knew of no law forbidding the sheriff accepting his bid; that said A. M. Walrath ceased to bid for said farm through the statement made by said Sloan; that said farm is one of the best in said county and would sell readily for $2,200 at private sale; that only one party, other than Walrath, bid on said farm, and that said Sloan stated to affiant that the said party was the agent of Swartz Bros. & Co., defendants in said foreclosure proceedings."

The following counter-affidavit was exhibited in support of the confirmation of the sale:

" W. I. Carson stated that he was sheriff of said county and conducted the sale of the real estate on the decree of foreclosure herein; that the defendant Walrath was present and made at least three several bids on said land; that affiant did not refuse to receive his bid, nor seek in any manner, or do any act or thing to prevent him from bidding, but told him if he did bid that he must be prepared to pay the cash as by law required, and thereupon said Walrath made the bids and ceased bidding wholly of his own motion."

On June 4, 1889, this proceeding came on to be heard by the court on the objections to the confirmation of the sale and to the sheriff's return not having been made to the first day of the term of the court, which objections were heard and overruled, and the sale confirmed and the sheriff ordered to make a deed in fee simple for the premises to the purchaser.     To all of which the appellants excepted on the record.

It is apparent from the affidavits stated, and which were presented to the district court in resistance of the motion and proceedings to confirm the sale, and upon the motion of Walrath to set aside the sale, that there was a mischievous and unwarrantable interference with the bidding at the sale by the county attorney, and which interference was countenanced by the officer making the sale, and by him communicated to the bidder, by reason of which he ceased to bid, and the land was struck off to another bidder at a sum materially below its value, and below the amount which would have been bid for it had it not been for such interference.

It is of the utmost importance that judicial sales and all sales upon execution be conducted with entire fairness, and in cases where this peremptory rule is departed from in any degree to prevent the sale of property at its full value,

such sales ought not to be confirmed, but ought to be set aside.

The order of the district court confirming said sale is reversed, the sale is set aside, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.