PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. CREIGHTON THEATRE BUILDING COMPANY ET AL., APPELLEES, AND ABRAHAM L. REED ET AL., APPELLANTS.

FILED MARCH 17, 1898.   No. 9097.

1. Judicial Sales: OFFICERS. Judicial sales must be conducted by the sheriff or other person authorized by the court.

2. ——: ——. One who is designated in a decree of foreclosure as a special master commissioner to make a sale of the mortgaged premises cannot lawfully delegate his authority to another.

3. ——: CONFIRMATION. It is the duty of the district court to confirm a judicial sale of mortgaged premises only upon being satisfied that the sale has been made in conformity with law.

4. ——: ——. When the records of the court conclusively show that the sale was made by an unauthorized person the court may set such sale aside on its own motion; and this it may do although the officer's return does not disclose the irregularity and is not directly assailed.

APPEAL from the district court of Douglas county. Heard below before SCOTT, J.  *Affirmed.*

*William D. Beckett, J. W. Woodrough,* and *Hall & McCulloch,* for appellants.

*Montgomery & Hall, John L. Webster,* and *Frank T. Ransom, contra.*

SULLIVAN, J.

From an order of the district court for Douglas county refusing to confirm a judicial sale Abraham L. Reed and Freeman P. Kirkendall, claiming to be purchasers of the property sold, have prosecuted an appeal to this court. The facts out of which the controversy arises are sufficiently stated in the case of *Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.,* 51 Neb. 659, and need not be restated here. To show the manner in which the cause was submitted to the district court we make the following excerpt from the order vacating the sale: "This cause came on to be heard upon the return of sale by the special master commissioner heretofore appointed by this court, and upon the motion of the plaintiff for an order confirming such sale, and upon motion of F. P. Kirkendall and A. L. Reed to confirm the sale to them, and their objections to confirmation of the sale to E. W. Nash, trustee, and upon the motion of E. W. Nash, trustee, to confirm the sale to him, and upon his objections to the

confirmation of the sale to F. P. Kirkendall and A. L. Reed, and upon the evidence, and was submitted to the court."

Looking into the bill of exceptions filed since the motion to dismiss the appeal was decided we find that there was presented at the hearing, for the consideration of the court, an affidavit of Isaac N. Watson, from which it appears that the alleged sale was conducted by him acting as the representative of James B. Meikle, the special master commissioner, who was absent from Douglas county attending to business of public concern at the capital of the state. By whom, or in whose behalf, this affidavit was given in evidence is not disclosed by the record, but it seems to have been received without objection, and it cannot now be argued out of the case. That Meikle was absent from Omaha at the time the bid of Reed and Kirkendall was received and acted on is also fully established by the affidavit of Matthew A. Hall. For whom, or upon what issue, Mr. Hall's affidavit was read is not shown; but it is in the record, it was submitted without objection to the district court as competent evidence to influence its action on the question before it for judgment, and it must now be considered by this court as evidence in support of the order vacating the sale. The Creighton Theatre Building Company neither asked nor opposed confirmation, and did not in any way participate in the hearing which resulted in the order of which appellants complain. It has, however, appeared here and filed a brief urging an affirmance of the ruling of the district court.

The power conferred by the court upon the special master commissioner to make the sale was a personal trust which he could not delegate to Watson. Section 852 of the Code of Civil Procedure declares that "all sales of mortgaged premises under a decree in chancery shall be made by a sheriff, or some other person authorized by the court." The sale to appellants not having been made by a person designated in the decree for that purpose, it was

the undoubted right, if not the duty, of the district court
to set the sale aside, unless its hands were tied by the
rules of procedure. Judicial sales are made by the court
acting through its appointed agent. The parties to an
action may not, even by their express agreement, se-
cure the appointment of a master of their own choice.
Neither may they, after an appointment has been made,
effect a substitution by mutual consent. Parties are not
permitted to wrest from the court the processes by which
its decrees and orders are carried into execution. Be-
sides, the defendant in the case, the party having possibly
the most vital interest, did not consent to a sale by Wat-
son. True, it did not object, but it was under no legal
obligation to do so. It was the duty of the court to pro-
tect its rights without special solicitation. The court
was authorized to confirm the sale only after having care-
fully examined the proceedings of the officer and being
satisfied that such sale was in all respects made in con-
formity with law. On the trial of issues having relation
to the proceedings of the master under the order of sale,
some of which issues were presented for trial by appel-
lants, and in all of which they participated, it was con-
clusively established that the sale was not only grossly
irregular but made by an unauthorized, and perhaps an
irresponsible, person; and, on the record before us, we
would be justified in indulging the presumption, if nec-
essary to sustain the action of the trial court, that the
affidavits which prove these facts were given in evidence
by the appellants themselves. But it is contended that
the officer's return is conclusive and that the court could
not look beyond it in discharging the duty imposed upon
it by the statute. That, surely, cannot be so in a case
where the court has before it a record showing the re-
citals in the return to be untrue. The court was required
by the statute to confirm only upon being satisfied that
the sale was in all respects in conformity with law.
That being so, appellants are in the attitude of insisting
that the court must have been satisfied that the sale was

regular, notwithstanding there had just been submitted to it undisputed evidence showing the rankest irregularities. There is nothing peculiarly sacred about a master's return. It possesses no mystic efficacy to compel belief in its recitals when it conclusively appears that those recitals are false.

Various decisions of this court are cited in support of the proposition that a party will not be heard to complain of an order confirming a sale when he has not moved for a vacation of the sale and specifically assigned his objections thereto. (*Ecklund v. Willis*, 44 Neb. 129; *Vought v. Foxworthy*, 38 Neb. 790; *State v. Doane*, 35 Neb. 707; *Johnson v. Bemis*, 7 Neb. 224.) These decisions are right. They establish a wholesome rule of practice and will be adhered to, but they have no application to the question now before us. The rule simply means that one who complains of judicial errors must show that such errors did not occur through his fault. Had there been an order of confirmation and had it been brought here for review by the theatre company these precedents might be cited with appropriateness and profit; but in this case it happened to be unnecessary to challenge the attention of the court to the irregular proceedings which resulted in the illegal sale. The court itself discovered, by an inspection of the record made by the parties to the action, that its process had been abused and acted accordingly; and the action of the court was not arbitrary. The reason for it appears in the record. It was entirely justifiable, and deserves to be commended rather than condemned. The conclusion reached renders unnecessary a construction of the master's return. The order appealed from is

AFFIRMED.

IRVINE, C., dissenting.

I concur in the opinion of the court in so far as it holds that a judicial sale must be made by the person designated in the decree or order of the court for that purpose,

and that such person cannot delegate his authority. I concur also in the holding that when, on motion to confirm a sale, it properly appears that the sale was made by an unauthorized person, it is the duty of the court to refuse confirmation and set aside the sale, although no motion to set aside has been made. The case of *Myers v. McGavock*, 39 Neb. 843, is not opposed to such rule. That was a collateral attack on the title derived under such sale. While so far concurring in the views of the court, I am compelled to dissent from the conclusion that the irregularity appeared in this case in such a manner that the court was justified in noticing it; that is, I do not think that the irregularity was brought to the attention of the court, either by the record itself or by extrinsic evidence properly adduced. By this I do not mean to question the good faith of counsel or affiants who made such proof as was made, nor do I question the propriety of the action of the district judge, as he viewed the case. It is altogether probable that in this instance a correct result was reached. My dissent is based wholly on what I conceive to be the danger of establishing a general rule in accordance with the opinion of the court.

It has always been the rule of this court, as it is the prevailing doctrine elsewhere, that while a purchaser at a judicial sale depends upon confirmation to finally establish his title, still the sale partakes of the essence of a contract, and, if the proceedings are regular, the purchaser acquires, by the acceptance of his bid, a right to have his title completed. The right so acquired cannot be defeated by the arbitrary action of the parties or of the court, although such action may be in the interest of the parties or of fair dealing. (*Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.*, 51 Neb. 659, where the authorities are cited.) If the sale is set aside, it must be because of some vice or irregularity in the proceedings, either appearing on the face of the record or disclosed by proper proceedings, and by evidence so adduced that the purchaser may be heard to defend against the attack.

That is only another way of saying that the right of such purchaser is property, of which he may not be divested except by due process of law.

On examining this record we find the master's report showing throughout that he conducted the sale personally. On the coming in of the report the plaintiff moved to confirm the sale generally. Appellants moved to confirm the sale to them. Nash moved to confirm the sale to him, and objected to its being confirmed to the appellants. Appellants objected to confirming the sale to Nash. No one objected to the sale itself or moved to set it aside. The only question was as to which purchaser had been successful; that one of them had regularly purchased was on the record conceded by all parties except the theatre company, which was served with notice of the motion to confirm, and by not objecting consented to confirmation. It was not an infant or a lunatic, and had no right to expect the court to act as its voluntary guardian. There was, therefore, no issue before the court as to the truthfulness of the master's report. Two affidavits appear in the bill of exceptions stating that the sale was not made by the master. The irregularity appears solely from these. They were not relevant to any issue before the court. For that reason they were not open to contradiction; for that reason their makers were not subject to the penalties of perjury if they were false. The master was an officer of the court. His report is a part of the record, and is entitled to the same weight, as evidence of the matters therein set forth, as any other return of any other writ by any officer. To my mind it is dangerous in the extreme to permit an incidental statement, in an affidavit relating to other issues and irrelevant to any proceeding pending, to impeach such a return, and be treated as higher evidence than the report of the court's officer. In *Lefevre v. Laraway*, 22 Barb. [N. Y.] 167, the plaintiff moved for a resale in a partition case. He was not entitled thereto, but his motion, and the proofs by him adduced in support

thereof, showed that there had been a fraud on infant defendants. It was held that under such circumstances the court would of its own motion order a resale; but this solely because of the court's protective duty to infant parties. In *Koch v. Purcell*, 45 N. Y. Sup. Ct. 162, it was said: "No doubt that the directions of the court, which concerned matters stated in the report of sale, must rest upon the report itself, and that the report could not be sustained against exceptions by affidavits which tend to show that the referee made the sale on other terms than the report specified." It seems that the remedy is by correcting the report. In *White-Crow v. White-Wing*, 3 Kan. 276, it was held, under a statute precisely like ours, that, on a motion to confirm, the return of the officer is conclusive, and the court cannot look beyond the face of the record. To justify extrinsic evidence a motion to set aside must be made. It was further held that because the lower court had received extrinsic evidence and set aside the sale it would be presumed that there had been a motion to set aside. We cannot here indulge that presumption, because the order itself specifies upon what applications it was based. It does not directly appear by whom the affidavits in question were filed. It is said that, if necessary to sustain the action of the district court, it will be presumed that they were filed by the appellants themselves. But such a presumption would conflict with facts appearing from the record. An order of court, made February 6, 1897, directed all papers on behalf of appellants to be filed that day, and all "counter-affidavits" on behalf of Nash to be filed by "Monday morning next," which was February 8. All affidavits in their nature supporting appellants' claim were filed February 6, and the affidavits in question were filed February 8, and would appear therefore to be "counter-affidavits" filed in resistance of appellants. Moreover, one of them begins with the statement by affiant, that "some of the statements in the affidavits filed by Messrs. Reed and Kirkendall are abso-

lutely untrue, and that in order to correct the erroneous impression conveyed by such affidavits affiant is obliged, in justice to himself, to make a further affidavit in this case." Surely that affidavit was not filed by Reed and Kirkendall. It is true that no objection seems to have been made to these affidavits. But where an issue is tried without a jury, no error can be predicated on the reception of irrelevant testimony, and this because the court will be presumed to have considered only that which is relevant. Therefore, in the light of that presumption, why should one be required to object, especially when it would require an independent motion for that purpose, such affidavits being filed with the clerk and not merely tendered on the trial, in open court, where an objection could be made. As to the failure to controvert them, they were not original proof, but were themselves evidence contradicting the master's report, and on a point not earlier attacked and with reference to which appellants could not anticipate an attack, and after their time for filing proof had expired.