## WILL G. NYE v. J. FRED ROGERS.

FILED JUNE 9, 1898.     No. 8145.

1. **Judicial Sales:** CERTIFICATE OF INCUMBRANCES: WAIVER. As the certificates of incumbrances of real property before judicial sale are for the benefit of plaintiff, he may waive any or all such certificates if he chooses so to do.

2. ———: **Objections to Confirmation:** EVIDENCE. Where the showing by affidavit in resistance of confirmation of a judicial sale was that "the property was divided, assessed, and recognized as distinct, separate, subdivisions, one having no relation to the other," *held*, that, for the purpose of reversing the order of confirmation, this language would not be construed as stating that the lots were in fact distinct, separate, subdivisions.

3. ———: ———: PUBLICATION OF NOTICE: BURDEN OF PROOF. Where the return of a judicial sale by a sheriff recited that publication had been made in a newspaper printed and in general circulation

27

in the proper county, naming it, it devolved upon the party at-
tacking the validity of the sale to show why there was not suf-
ficient compliance with the provisions of section 497, Code of Civil
Procedure, if that is the defect relied upon.

ERROR from the district court of Buffalo county. Tried
below before SINCLAIR, J. *Affirmed.*

*Robert A. Moore,* for plaintiff in error.

*Warren Pratt* and *E. C. Calkins, contra.*

RYAN, C.

This proceeding in error is for the review of the order
of the district court of Buffalo county overruling cer-
tain objections to the confirmation of a sheriff's sale upon
the foreclosure of a mortgage.

The first objection urged was that one of the apprais-
ers was deputy sheriff of the aforesaid county and there-
fore was disqualified. Whether the effect claimed would
of necessity result from this alleged disqualification we
need not determine, for there was evidence that neither
appraiser was a deputy sheriff, and a ruling of the dis-
trict court on a disputed fact made on conflicting evi-
dence will not be disturbed in this court.

It was next objected that there was no showing that
the newspaper in which publication of the notice of sale
was made had a *bona fide* circulation of 200 copies weekly
and had been published for fifty-two successive weeks
prior to such publication. The return of the sheriff
showed that the newspaper was one printed and in gen-
eral circulation in Buffalo county, and this is in strict
compliance with section 497, Code of Civil Procedure.
The sheriff was not required to state the facts upon
which his return as to the status of the newspaper in
question was founded.

It was next objected that no application for a state-
ment of liens was addressed to the city or town treasurer
of the city of Kearney. It has been held by this court
that the certificate of liens may be entirely waived by

the plaintiff, as this certificate is for his sole benefit. (*Craig v. Stevenson*, 15 Neb. 362; *Smith v. Foxworthy*, 39 Neb. 214; *American Investment Co. v. McGregor*, 48 Neb. 779.) From this proposition it results that the certificate of any county officer as to what liens are disclosed by the records of his office may be waived by the plaintiff. In the affidavit of R. A. Moore it was stated: "The property described as lots 1, 2, and 3, in block 13, in the decree above, was divided, assessed, and recognized as distinct, separate, subdivisions, one having no relation to the other," and it is insisted that as there was no contradiction of this statement it must be accepted as true, and therefore that the rule laid down in *Runge v. Brown*, 29 Neb. 116, that separate tracts or parcels must be appraised separately, must prevail. But it was not stated that the lots were not contiguous; on the contrary, the reference was to the property as a whole, and the fair inference from the language used is that said property was merely subdivided into lots. In view of the fact that the district court seems to have so construed the affidavit, we do not feel justified in giving the language of Mr. Moore a strained or unnatural construction to justify a reversal. The above review covers all the points argued and the order of the district court is

AFFIRMED.