OMAHA LOAN & BUILDING ASSOCIATION ET AL., APPELLEES, v. HORATIO K. HENDEE ET AL., APPELLANTS.

FILED JUNE 20, 1906.   No. 13,980.

1. Judicial Sale: CONFIRMATION. It is ordinarily the duty of a court, where a judicial sale is fairly conducted and is made in conformity with the decree, to ratify such sale.

2. ———: VACATION. The foregoing rule, however, is subject to certain exceptions; and, where it is made to appear that there was a misunderstanding between the parties, by reason of which one of them was prejudiced without fault on his part, the court, in the exercise of its equity jurisdiction, may deny confirmation and set aside the sale.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Reversed with directions.

McDonald & Woodland, for appellants.

Charles W. Haller and Charles S. Lobingier, contra.

BARNES, J.

This controversy arises over an order of the district court for Douglas county confirming a sale of real estate made under a decree of foreclosure of that court. It appears that in March, 1900, the appellants went into possession of the real estate in question, the same being a house and lot in one of the additions to the city of Omaha, under a contract of purchase with one G. S. Benewa; that

they paid a considerable part of the purchase price, and that an arrangement was finally made between them and Benewa, by which he took the title to the property, obtained a loan thereon from the Omaha Loan & Building Association, the appellants agreeing to pay the loan according to its terms, and, when the same was paid, Benewa was to deed the property to them. Since taking possession of the premises the appellants have at all times claimed and occupied the same as their homestead. For a failure to make the payments due to the building and loan association, an action was instituted in the district court, and a decree of foreclosure was rendered therein in favor of said association and against Benewa and the appellants. The execution of the decree was stayed for nine months on application of the appellants, and, when the stay was about to expire, they entered into negotiations for the purpose of obtaining a loan on the premises with which to pay off and satisfy the decree. Such negotiations resulted in the purchase of the decree by Mr. Lobingier, who took an assignment of the same, together with all of the rights of the plaintiff thereunder. The decree seems to have remained *in statu quo* until the month of October, 1903, when the decree was assigned to Ida M. Cronk, and, without further notice to appellants, an order of sale was issued thereon. The premises were sold on the 10th day of November, 1903, and notice was given to the appellants of the hearing of an application to confirm the sale on the 19th day of March, 1904. The appellants appeared, resisted the motion for confirmation, and filed objections thereto, duly verified, which in form and substance amounted to a petition to set the sale aside on account of fraud and misrepresentation practiced upon them.

The allegations contained therein are in substance as follows: That in September or October, 1902, the appellants entered into an agreement with the assignee of the decree, by the terms of which they were to pay $12.50 a month; that said payments were to be applied, first, upon

the interest on the sum paid for the assignment of the
decree in question, together with taxes and costs; second,
upon repairs made upon the premises; and, third, upon
the principal of the loan or payment made for them by
said assignee; that, when the principal sum so paid for
the decree was reduced to $750, said assignee was to give
them a title to the premises, and take a mortgage thereon
to secure the payment of that amount; that, pursuant to
the agreement, they made the payments therein stipulated
up to and including the month of January next preceding
the application to confirm the sale; that it was agreed
by the said assignee that no sale of the premises should
be ordered, and, when they made their November payment
in 1903, they were told that no notice of sale had been
ordered to be made; that the assignee was not going to
have the premises sold, and would not have them sold so
long as the payments were made according to the terms
of the agreement. They further charged that said repre-
sentations and statements were false and fraudulent, and
made for the purpose of misleading and deceiving them;
that said assignee well knew at the time that an order of
sale had been issued, and notice thereof had been inserted
in the "Royal Woodman" in each of the issues of the
paper published in the month of October preceding; that
said statements did mislead and deceive them; that they
did not know that notice of sale had been published, and
did not know that the sale had taken place, until notice
of the motion to confirm the same was served upon them.
They further alleged that at the time they made their
November payment they told said assignee that they did
not want to make a payment in December, but would make
payment for two months in January following; that such
payment was made in January, and they would not have
made the same had they known that the premises had
been sold. They further alleged that they would have
inquired as to such sale but for the misrepresentations
so made to them by said assignee; that, by reason of the
action taken by said assignee in ordering the sale of the

premises, the agreement between them was broken; that appellants were taken by surprise to their damage and injury, and for that reason the sale was irregular and void, and should be set aside. They prayed for an order vacating the sale and holding it for naught; that an accounting be had, and an order entered allowing them sixty days within which to pay the amount found due into court, and that upon such payment a deed be made by the sheriff to them and the premises thus conveyed to them without further action of the court. The assignee of the decree accepted the issue thus tendered, and a hearing on the merits was had upon affidavits and other documentary evidence. Whereupon, the trial court overruled the objections of the appellants, and made an order confirming the sale. The case comes here by appeal for a trial *de novo.*

Under the present statute, and our rules governing appeals in equity cases, we are in no manner bound by the view of the trial court as to the sufficiency or the weight of the evidence, where it consists wholly of affidavits, depositions, and other written testimony. In the instant case, no oral evidence was taken, and we are therefore in as good a situation to judge of the weight and probative force of the testimony as was the trial court. Section 681a of the code; *Grandin v. First Nat. Bank,* 70 Neb. 730; *Faulkner v. Simms,* 68 Neb. 299. We desire to say, before proceeding further with this opinion, that it would seem that a question of this importance should not be tried on a motion and affidavits only; that, where such objections are presented, the district court should require pleadings to be filed, direct an issue to be made up, and upon such issue proceed to trial as in other cases. In this case, however, the parties having elected to proceed on the motion and by affidavit evidence, and having so tried the issue without objection, we have concluded to take the case as we find it, and decide anew the question presented.

The evidence contained in the record is so voluminous as to make it impracticable to quote it, and we must con-

tent ourselves with a statement of its tenor and effect. It seems clear to us that it preponderates in favor of the contention of appellants to the extent of showing that there was such a misunderstanding on their part as resulted in their failure to purchase at the sale, though not to the extent of showing fraud or bad faith on the part of Mr. Lobingier. To our minds it fairly shows that the agreement with appellants was entered into substantially in the manner and form set forth in their motion; that in order to carry out such agreement the purchase and assignment were made of the decree of foreclosure in question; that Benewa was procured to make a deed of the premises, subject to the decree; that the sum of $12.50 a month was collected from appellants, and, while the payments were somewhat irregular, they appear to have been made in full, or substantially so, until long after the sale of the premises complained of took place. Indeed, the payments were made up to within one month of the time of the application for a confirmation of the sale; that Ida M. Cronk, who claims as owner of the decree, purchased the same *pendente lite* from Mr. Lobingier. It seems clear from the affidavits of the appellants, of Mr. Ed P. Smith, and Mr. W. A. Spencer, that the appellants understood that no order of sale would be issued on the decree and that the premises would not be sold thereunder as long as the payments agreed upon were kept up. It also appears from other evidence contained in the record that it was agreed that, when the amount paid for the decree, with interest thereon, should be reduced to $750, the premises would be conveyed to appellants, and a mortgage thereon taken back to secure the payment of that amount; that an assignment of the decree was made to Ida M. Cronk, and without notice, and immediately thereafter an order of sale was issued thereon, under which the sale in question herein took place; and it would seem that such proceedings had the effect to deprive appellants of further opportunity to comply with their contract and redeem their home from

the lien of the decree.   The foregoing facts would seem to render it unjust and inequitable to confirm the sale in question, and there is thus presented to us the question of the power of the court to deny the confirmation and set aside the sale.

In ordinary cases, on a motion to confirm a sale of real estate under a decree of foreclosure, the court will consider only such matters as relate to the regularity of the sale, and this may be stated to be the general rule applicable to such cases.  To this rule, however, there are exceptions, and it has often been held that, in an equitable proceeding of this nature, the court will refuse to confirm a sale where it was unfairly. conducted; and there would seem to be no good reason why such power should not be exercised when it appears that through a misunderstanding between the parties one of them was prejudiced without fault on his part.

In 2 Jones, Mortgages (6th ed.), sec. 1639, we find the following: "The most general principle on which the courts act in setting aside the sale and ordering a new one is that equity will not allow any unfairness or fraud, either on the part of the purchaser, or of any other person connected with the sale."

In *Aderholt v. Henry,* 82 Ala. 541, the court said: "But, when there is some impropriety or irregularity attending the sale, affecting its fairness, or surprise or misapprehension caused by the conduct of the purchaser, or misconduct on his part, or on the part of any person connected therewith; or when the sale is conducted in violation of the decree, or in disregard of the rights and interest of some of the parties; or, when from any cause, it would be inequitable to permit it to stand, it becomes the duty of the court, on settled principles, to vacate the sale, though a conveyance may have been made, upon proper application, before confirmation, in the suit in which the sale was made."

In *Paulett v. Peabody,* 3 Neb. 196, it was held: "Judicial sales should be conducted with the utmost fair-

ness and good faith. Indeed the rules which govern them are not less stringent than in ordinary cases. If a sale is made under a decree of the court, and there is shown to have been false representations, or undue concealment, in the conditions or particulars of the sale, by any person interested therein, to the injury of another, the sale should be set aside, if application is made before the conveyance is executed." To the same effect are *Frasher v. Ingham,* 4 Neb. 531; *Aldrich v. Lewis,* 28 Neb. 502; *Goble v. O'Connor,* 43 Neb. 49, and *McKeighan v. Hopkins,* 19 Neb. 33.

From the foregoing authorities it seems clear that we have not only the power, but it is also our duty, to set aside the sale in question. The judgment of the trial court is therefore reversed, the sale is set aside and held for naught, and the cause is remanded to the district court, with directions to take an accounting of the amount due upon the decree in question, that the appellants be allowed sixty days within which to redeem the premises in question from the lien of such decree, and, in default of such payment within said time, the assignee be given leave to proceed to enforce her decree according to law.

JUDGMENT ACCORDINGLY.