JOHN TOMSIK, APPELLEE, V. ANNA TOMSIK ET AL., APPELLANTS.

FILED JANUARY 5, 1907.   No. 14,627.

Cancelation of Instruments.   Plaintiff sued his son and his son's wife to set aside certain conveyances on the ground that defendants had failed to perform an agreement to support plaintiff during the remainder of his life.   Evidence examined, and *held:* (1) That plaintiff was entitled to have the conveyance set aside and a decree entered adjudging him to be the equitable owner of the premises; and (2) that defendants were entitled to a lien on the premises for $840 for money advanced by them.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE.   *Affirmed.*

*R. R. Dickson,* for appellants.

*M. F. Harrington* and *R. M. Johnson, contra.*

EPPERSON, C.

The plaintiff, John Tomsik, brought this action in the district court for Holt county, alleging, among other things, that on May 19, 1898, he was the owner of a quarter section of land in that county and also the owner of certain lots in the village of Atkinson; that on said

day plaintiff conveyed his farm by warranty deed to the defendant Anna Tomsik, who is the wife of plaintiff's son, the defendant Anton Tomsik; that the consideration for said conveyance was an agreement on the part of said Anna Tomsik to support, maintain, clothe, and care for plaintiff and his wife during the remainder of their lives; that plaintiff's wife died some time after the making of the deed, and that plaintiff remained on the farm until January, 1902, when defendants drove him from the premises, and refused to support him, and have at all times since refused to fulfil their part of the agreement. Plaintiff further alleges that, in addition to making said deed, and to aid in paying off a $700 mortgage on the land at the time of the conveyance, he turned over to defendants certain personal property valued at $600, which was used by defendants in payment of the mortgage indebtedness; that defendants have had the use of the land and have realized therefrom, in addition to the personal property, sufficient funds to pay the mortgage; that plaintiff is unable to read or speak the English language, and that defendants fraudulently secured from him a deed to his town lots in the village of Atkinson, and that he did not discover the fraud until several years thereafter. Plaintiff prays that the deeds to defendant Anna Tomsik be set aside; that he be decreed to be the equitable owner of the land, and that there be an accounting between the parties.

Learned counsel for defendants epitomizes their defense about as follows: That plaintiff was the owner of the land and town lots on May 19, 1898; that plaintiff was also the owner of personal property at that time worth the sum of $390, and that the real estate was incumbered by a mortgage and taxes; that the mortgage was past due; that the holder of the mortgage was about to foreclose, and that plaintiff was unable to pay the mortgage and was about to lose the land by foreclosure, and that the improvements were in a bad state of repair; that plaintiff and defendants at the time of the making and delivery of the deeds to the farm and town lots entered into a verbal

contract, wherein it was agreed that defendants should support the plaintiff and and his wife as long as they lived and at their death to defray their burial expenses; that in consideration thereof the plaintiff and his wife made and delivered to defendants the deeds to said farm and town property; that, in addition to said real estate, the defendants were to have the personal property then on the farm; that deeds were made, and the defendants went into the possession of the said real estate and are now in possession of the same; that at the time of the making of the deeds it was further agreed that the defendants were to pay off and discharge the mortgage and unpaid taxes against the land and lots, and also to pay certain other debts owing by the plaintiff; that they did pay off the mortgage and the unpaid taxes against the land and lots, and also paid the personal debts and obligations of plaintiff as contracted; that plaintiff and his wife were furnished the necessaries of life and were taken care of in a proper manner. Defendants specifically deny that they ever refused to support plaintiff or to furnish him the necessary care and clothing required, and that at all times they stood ready and willing to care for him in a suitable and proper manner, and to furnish him a suitable and proper home, and that they are still ready to comply with the terms of the verbal contract made at the time of the execution and delivery of the deeds to the farm and town property. Defendants also deny that they drove plaintiff from the farm, and allege that they have advanced large sums of money for the payment of the mortgage, interest and taxes, and plaintiff's personal obligations, and for improvements, etc.

The district court found the issues for plaintiff, set aside the deeds to defendant Anna Tomsik, and decreed that plaintiff was the equitable owner of the premises, and ordered a conveyance from defendants to plaintiff, subject to a lien of $840 in favor of defendants for money advanced. Defendants appeal and urge two grounds for a reversal: (1) The finding of the district court that plain-

tiff is the equitable owner of the land is not sustained by the evidence; and (2) if plaintiff is the equitable owner, the evidence requires a decree that defendants are entitled to a lien for more than $840. There is no question of law to be determined in this case. The propositions presented for decision are purely questions of fact.

1. We are convinced from a review of the evidence that defendants failed to comply with their agreement to support their father, and that the district court was justified in setting aside the conveyances to the defendant Anna Tomsik and decreeing that plaintiff was the equitable owner of the premises. No useful purpose will be subserved by setting forth the evidence contained in this voluminous record, or even the substance of it. Regardless of the finding of the district court in plaintiff's favor, we are of opinion that this part of the decree should be affirmed.

2. Defendants' second contention that they are entitled to a lien for more than $840 for moneys advanced in payment of mortgage, interest, taxes, improvements, etc., presents the most serious question in the case. Upon our first review of the evidence on this point we were inclined to increase the amount of the lien. A thorough examination of the evidence, however, constrains us to allow the decree of the trial court to remain undisturbed. The lower court awarded a lien for $840. One view of the record would seem to justify a decree for a much larger amount; another would greatly reduce the sum allowed by the district court. The evidence is irreconcilable as to the rental value of the land, also as to many items of expenditure in the alleged payments by defendants for certain improvements upon the land and debts of the plaintiff. There is also a conflict in the testimony which we cannot harmonize regarding the proceeds of personal property owned by plaintiff when he made the conveyances to his son's wife, the difficulty being to determine which party received the proceeds. There were a great many transactions, all of which are important in the accounting.

Defendants claim to have expended $2,183.79, and seek to charge to plaintiff the value of the personal property, $446. Plaintiff alleges that defendants received the proceeds from the personal property, and denies nearly every item of expenditure, some the full amount, others only in part. In view of the breach of their contract by defendants, we consider that the value of the personal property is immaterial and that defendants may not charge the same to plaintiff. We take it that defendants proved the expenditure of $1,268.93 in the payment of the mortgage, interest, taxes and funeral expenses. This leaves in dispute $914.86. On the other side of the account there is chargeable to defendants the rental value of the land for eight years and whatever proceeds of the personal property they received. The rental value was from $100 per annum, as claimed by defendants, to $200, as contended by plaintiff.

There is ample evidence to support the judgment of the trial court, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.