RICHARD CLEVE, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED APRIL 13, 1909. No. 15,929.

Carriers: LIABILITY. A railroad company shipping stock accompanied by the owner is not liable for loss occasioned by excessive heat in transit, in the absence of competent evidence of negligence.

APPEAL from the district court for 'Otoe county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*James E. Kelby, Halleck F. Rose* and *Frank E. Bishop,* for appellant.

*W. W. Wilson, contra.*

EPPERSON, C.

This is the second appearance of this case in this court. The former opinion is reported in 77 Neb. 166. It was there held that the evidence taken on the first trial was

insufficient to support the verdict in favor of plaintiff, and the case was remanded and another trial had.

The action is to recover the value of two fat steers which died in transit between Nebraska City and Chicago. The shipment was made by plaintiff under a contract with the Chicago, Burlington & Quincy Railroad Company, and the defendant is sued as the railroad company's lessee. The only question which we need to consider is the sufficiency of the evidence of negligence at the last trial to support the judgment which plaintiff obtained. The evidence given at the last trial is not materially different from that adduced at the first trial, and which is referred to at some length in the former opinion. It appears, however, that complaint was made by the plaintiff to the defendant's employees, while the train stopped at Hamburg, that the cattle were in danger on account of the excessive heat, and demand was made that the train move on. The evidence shows that soon after the complaint was made, both at Hamburg and at Stanton, the train containing the stock was moved. In the last trial, as at the first, it was not shown by competent evidence that the delays were unnecessary, nor that all the time consumed was not required for the ordinary business of the railway company. There is really very little dispute as to the facts. The evidence shows conclusively that the plaintiff's employees were in charge of the cattle in transit; that the day of shipment was very hot, and very little air was circulating; and that the steers died as a result of the excessive heat to which they were subjected while the train was stopped at Hamburg and at Stanton. There is some evidence in the record tending to show that the railroad company's employees promised the plaintiff a fast run from Stanton and that the same was not made. This is entirely immaterial, because it is conclusively shown that all the damage complained of was done before the train left Stanton. There was also evidence in both trials that the train, at the stations above mentioned, was left standing from 30 to

40 minutes between rows of box cars, thereby shutting off the circulation of air from the cattle. There was but little air circulating that day, and it is not shown that the cattle would have been any better off in any place where the company could have placed them. No demand was made by the plaintiff, or his employees, of the defendant that the train be placed in any different or better position during the delays at these stations. There is absolutely no reason why we should recede from the former opinion.

We recommend that the judgment be reversed and this cause remanded for further proceedings.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and this cause remanded for further proceedings.

REVERSED.