GEORGE N. SEYMOUR, APPELLEE, V. F. J. H. LAWSON,
APPELLANT

FILED FEBRUARY 26, 1926. No. 22658.

1. Mortgages: FORECLOSURE: SALE: CONFIRMATION. Where the evidence of value of lands sold under a decree of foreclosure is conflicting, and two sales have been set aside, an order confirming a third sale for an amount greater than that previously secured will not be disturbed on account of inadequacy of price not so great as to afford an inference of fraud.

2. ———: ———: PLACE OF SALE. A sale advertised to take place at the "north front door" of the courthouse may be held either outside or inside the door, the statute requiring only that it be held "at the courthouse."

3. ———: ———: NOTICE OF SALE: AFFIDAVIT OF PUBLICATION. Affidavit of publication of notice of sale in the language of the statute is sufficient prima facie, and need not show requirements of a later statute as to circulation and time of publication of the newspaper.

APPEAL from the district court for Wheeler county: BAYARD H. PAINE, JUDGE. Affirmed.

*C. M. Skiles, F. J. H. Lawson* and *A. L. Bishop,* for appellant.

*Williams & Kryger, contra.*

Heard before LETTON, ROSE and DAY, JJ., ELDRED and REDICK, District Judges.

REDICK, District Judge.

This is an appeal from an order confirming a sale of real estate under a decree foreclosing three several mortgages. The suit was commenced in July and decree entered October 1917, for $7,294.92; stay was taken by defendant's wife, but such decree was reversed by this court, and a second decree was entered April, 1920, and another stay of nine months taken. The land was sold March, 1921, for $9,100, which sale was set aside by the district court. It was again sold May, 1921, for $5,800, and this sale was set aside by the district court. The sale in question was made November 22, 1921, for $10,420 and defendant appeals from the confirmation thereof to this court, assigning three grounds for the reversal thereof:

1. That the land was not sold for its fair value. Affidavits and evidence of witnesses were taken upon this question and preserved by bill of exceptions. The opinions of the witnesses, as is generally the case, differed widely upon the value of the lands in question, the evidence for plaintiff fixing it at an average of about $5 an acre, and that of defendant about $15. A majority of the witnesses for plaintiff were connected with the plaintiff organization, while defendant's witnesses were principally farmers and landowners in Wheeler county, and if the question had been presented originally to this court, we would be inclined to hold that the greater weight of the testimony would establish the average value of the land at from $8 to $12 an acre. But the discrepancy between the amount of the sale and the value of the land is not so great as to raise an inference of fraud, and we think the ruling of the district court should not be disturbed, especially in

view of the fact that more than six years have elapsed since the entry of the first decree, and if the land was of so great a value as contended by the defendant, it would seem that he should have been able to protect it from sale at a sacrifice. The land was offered three times, and the amount bid by plaintiff at the last sale was very nearly the amount due upon the decree. There must be an end to litigation, and we think the defendant in this case has had all the opportunity to which in justice he is entitled.

2. That the sale did not take place at the north front door of the courthouse. The notice of sale provided that it would take place at the north front door of the courthouse. It appears that the weather was very inclement, and the sheriff opened the sale by reading the notice outside the door, and then retired, with all the other persons attending, including defendant, inside, but within a few feet of the door, the sale was held open for one hour, and the lands finally sold to plaintiff. Defendant made no objection at the time to the place of sale, and the statute only requires that the sale be held at the courthouse. The sale was held substantially in conformity with the notice.

3. The notice of sale was not published in a paper having a circulation of 300 copies weekly and published within the county for 52 successive weeks prior to the sale. These requirements as to the newspaper are statutory, and there is no evidence that they did not exist in the present case. The point is that the affidavit of the publication of notice did not so state. The affidavit was in the language of section 8908, Comp. St. 1922, that "said newspaper is a legal newspaper," and showed the other requirements were complied with. This was sufficient. The particular requirements above referred to were inserted by an amendment (Laws 1919, ch. 133) but section 8908, *supra,* was not changed so as to require those facts to be stated in the affidavit, and therefore compliance with that section was all that was required. *City of Moline v. Chicago, B. & Q. R. Co.,* 262 Ill. 52, 61.

There is no error in the record.   The judgment of the district court is

AFFIRMED.