FARMERS SECURITY BANK, APPELLANT, V. CHARLES L. WOOD ET AL., APPELLEES.

271 N. W. 349

FILED FEBRUARY 11, 1937.   No. 29772.

*F. J. Schroeder*, for appellant.

*H. A. Bryant*, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

On October 12, 1931, judgment was rendered by the district court for Saunders county, Nebraska, on a mandate from this court wherein the original action was reversed

with directions. ·The opinion being one by the commission is not reported. The judgment on the mandate vacated and set aside a certain deed and mortgage and gave appellees herein, Lelah A. Sutton and Harry E. Sutton, a money judgment as a first lien, and appellant herein, Farmers Security Bank, a money judgment as a second lien on defendant Charles L. Wood's adjudicated interests in certain real estate in Saunders county, Nebraska. Appellant was then given the right to sell his interests and equity of redemption to satisfy the second lien. This judgment was never appealed from or modified thereafter.

In March, 1935, appellant and appellees both levied executions to satisfy their respective judgments. Notice was published as provided by law to the effect that on April 15, 1935, at 3 p. m. at the east door of the courthouse in the city of Wahoo, Nebraska, the sheriff would sell a one-third interest and the life estate of Charles L. Wood in and to the real estate to the highest bidder for cash to satisfy the executions and costs. The sale was had, and the return of the sheriff to the executions was, "I sold the same to Farmers Security Bank, Maywood, Nebraska, for the sum of $2,000 subject to lien of Lelah A. Sutton and Harry E. Sutton, it being the highest bidder therefor. Dated at Wahoo, Nebraska, this 15th day of April, 1935." Objections to motion for confirmation of sale were filed, to wit: "(1) That the bid of the judgment creditor made at said sale was made subject to the lien of these objectors, and that said sale was had for the satisfaction of the lien of the plaintiff and objectors; (2) that the lien of these objectors is prior to the lien of plaintiff, and that said sale could not be confirmed without the payment and satisfaction of the lien of these objectors." Upon hearing, the court overruled the motion to confirm and sustained the objections to confirmation because the sale was erroneous in that it should have been as advertised and sold for the satisfaction of both of the liens set forth in the executions and in accordance with the published notice, and ordered a new sale thereof. The plaintiff bank appeals. Defendant Charles L.

Wood filed no objections in the district court and is not a party to this appeal.

It would be a distinction without a difference for this court to say that the court's order was not in response to the objections filed. We think they go farther and even challenge the proposition that the sale did not conform to the decree. Appellant concedes, and the record shows, that the sale was not made in the manner prescribed by the notice, but contends that it was made in conformity with the judgment on the mandate; therefore, it should have been confirmed. There seems to be no dispute as to the facts. The transcript sets out the respective executions, motion for confirmation, objections thereto, and order setting aside the sale. The bill of exceptions contains the former opinion on appeal and the judgment on the mandate. Clearly, there remains for our determination only a question of law under admitted facts or facts of which the trial court was bound to take cognizance.

Section 20-1531, Comp. St. 1929, provides: "If the court, upon the return of any writ of execution, or order of sale for the satisfaction of which any lands and tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provision of this title * * * direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale."

The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed not alone by their solicitude for the rights of litigants, but also by the considerations of justice to themselves as instruments provided for the impartial administration of the law. *Baldwin v. Burt*, 54 Neb. 287, 74 N. W. 594. The court would be authorized to confirm the sale only after having carefully examined the proceedings of the officer and being satisfied that such sale was in all respects made in conformity with the law. *Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.*, 54 Neb. 228, 74 N. W. 583; *Roberts v. Robin-*

*son,* 49 Neb. 717, 68 N. W. 1035. If the sale is set aside, it must be because of some vice or irregularity in the proceedings either appearing on the face of the record or disclosed by proper proceedings. The statute makes it the duty of the court in every case upon execution to see that it appears *prima facie* that the process of the law has not been abused by the ministerial officer charged with its execution. *Bachle v. Webb,* 11 Neb. 423, 9 N. W. 473. It must be made to affirmatively appear that all statutory provisions have been fully complied with or the sale will be set aside. The only way the officer having the order of sale can be heard to speak is through his return which must affirmatively show that he complied with the law. *Gundry. v. Brown,* 1 Neb. (Unof.) 877, 96 N. W. 610; *Nye v. Rogers,* 55 Neb. 353, 75 N. W. 854. When there is some irregularity in the sale, or when the sale is conducted in violation of the decree or in disregard of the rights and interests of some of the parties, it becomes the duty of the court on settled principles to vacate the sale. *Omaha Loan & Building Ass'n v. Hendee,* 77 Neb. 12, 108 N. W. 190. It is the rule that such sale must be made in accordance with the decree. *Omaha Loan & Building Ass'n v. Hendee, supra; Nebraska Loan & Trust Co. v. Hamer,* 40 Neb. 281, 58 N. W. 695; *Hooper v. Castetter,* 45 Neb. 67, 63 N. W. 135.

Appellant contends that in the judgment on the mandate appellees had a mortgage which they must foreclose and which could not be satisfied by execution because the court used the words "equity of redemption." The answer to this is that the judgment obtained by appellees is plainly a money judgment which the equity court had the power to give (*Tomsik v. Tomsik,* 78 Neb. 103, 110 N. W. 674; *Knotts v. Crossly,* 1 Neb. (Unof.) 730, 95 N. W. 848) and for which execution may be awarded. *Cochran v. Cochran,* 1 Neb. (Unof.) 508, 95 N. W. 778. The equity of redemption or right of redemption is the interest of defendant Charles L. Wood remaining after payment of appellees' judgment lien. Comp. St. 1929, sec. 20-1530. This interest appellant had the right to sell upon execution and satisfy

its lien. The law is well settled that inquiry cannot be made into the merits of the judgment on the mandate in this proceeding. *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900, 65 N. W. 1059; *Hoover v. Hale,* 56 Neb. 67, 76 N. W. 457; 23 C. J. 663.

We conclude that the notice conforms to the decree, but that the sale conforms to neither. The object of a notice of sale is to inform the public of the nature and conditions of the property to be sold and of the time, place and terms of the sale. They are given for the purpose of securing bidders and to prevent a sacrifice of the property. Notice is requisite by reason of positive statutory enactment, section 20-1529, Comp. St. 1929, and by reason of the policy of the law. 10 R. C. L. 1291, sec. 87. If the sale must conform to the decree, then the notice must conform to the decree. *A fortiori,* the sale must conform to both. When lands are sold by the sheriff upon execution, the sale must be conducted substantially in the manner prescribed by the notice and in accordance with the decree in order that the rights of the parties in interest may not be prejudiced thereby. The court should refuse to confirm a sale of lands under execution where it is evident from the notice, return of the sheriff and the decree, upon proper objections filed by parties in interest entitled to raise the question, that the sale was not conducted substantially in the manner prescribed by the notice and in accordance with the decree.

Appellees having a first lien and an execution for the satisfaction thereof were entitled to have the property sold to satisfy the same, and appellant was entitled to have any interest remaining thereafter sold for the purpose of satisfying its lien under its execution. In other words, the property should have been sold on the executions as provided in the notice and decree in order that appellees could first be paid and appellant might apply the amount remaining upon its judgment.

The judgment of the district court was right and it is

AFFIRMED.

PAINE, J., dissents.