EDMUND HOLLSTEIN ET AL., APPELLEES, V. KENNETH D. ADAMS ET AL., APPELLANTS, IMPLEADED WITH UNITED STATES OF AMERICA ET AL., APPELLEES.

194 N. W. 2d 216

Filed February 4, 1972. No. 38030.

Charles A. Fisher and Charles F. Fisher, for appellants.

Edmund Hollstein, for appellees Hollstein.

Richard A. Dier, John A. Gale, Wade H. Ellis, Laurice M. Margheim, and Bump & Bump, for appellees United States of America et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court in this proceeding to foreclose a real estate mortgage confirmed the sale of the mortgaged property. The mortgagors, Kenneth D. and Anna R. Adams, appeal. They assert (1) noncomformity between the place of the sale and the place advertised, (2) irregular publication of the notice of sale, (3) absence of service of the notice upon them, and (4) inadequacy of the sale price.

The notice of sale was published in a weekly newspaper on November 25, December 3, 10, 17, and 24, 1970. The Thanksgiving holiday that year fell on November 26, the regular day of publication. The notice advertised the place of sale to be the front door of the county courthouse. No copy was served upon the Adamses, who were husband and wife.

Kenneth attended the sale. Cold weather caused the sheriff at the specified time to move the place of sale to the front of the steps on the first floor inside the courthouse. He received two bids, James Prokop submitting the higher bid. At the confirmation hearing the evidence of value was conflicting. No one submitted an upset bid.

A judicial sale advertised for the front door of the courthouse may be held at the front of the steps on the first floor inside the courthouse. See § 25-1536, R. R.

S. 1943; cf. Seymour v. Lawson, 111 Neb. 770, 197 N. W. 623 (1926).

If legal notice is required to be published more than 1 week, publication "shall be upon the same day of the week as the first publication." § 25-2228, R. R. S. 1943. The provision is not mandatory. If a publication day falls upon a holiday, publication the preceding day complies with the statute. Section 25-1529, R. R. S. 1943, requires notification in order to inform the public of the nature of the property, place, date, and terms of the sale. See Farmers Security Bank v. Wood, 132 Neb. 175, 271 N. W. 349 (1937). It is satisfied by substantial compliance. The complaint of the Adamses in this respect is not well taken.

A mortgagor is not entitled to personal service of the published notice of sale. See § 25-520.01, R. R. S. 1943. The statutory provision applied to the Adamses.

Confirmation of a judicial sale is within the discretion of the trial court. Rupe v. Oldenburg, 184 Neb. 229, 166 N. W. 2d 417 (1969). In the present proceeding the trial court acted well within its discretion.

The order of confirmation is affirmed.

AFFIRMED.