MARY E. DUNHAM ET AL., PLAINTIFFS IN ERROR, V. MARTHA I. COURTNAY ET AL., DEFENDANTS IN ERROR.

1. **Mortgage:** FORECLOSURE: REDEMPTION: EVIDENCE: MOTION FOR NEW TRIAL. In an action in equity, brought by certain mortgagors of real estate against the purchasers to redeem, upon the ground that the proceedings in foreclosure were void, the plaintiff's attorney, after the cause had been submitted to the court, and while being held under advisement, offered to introduce in evidence a copy of the original affidavit upon which service by publication was had, which offer the court refused, and afterwards rendered judgment against the plaintiff and dismissed the action. *Held,* That to obtain a review on error of the refusal of the court to permit the filing of said affidavit the plaintiff must have filed a motion for a new trial in the court below.

2. **Practice in Supreme Court.** Where the answer of a defendant fails to constitute a defense to the action, but no objection was made thereto in the court below, nor error on that ground assigned in the supreme court, the question will not be considered.

ERROR to the district court for Lancaster county. Tried below before HAYWARD, J.

*G. H. Hilton,* for plaintiffs in error, cited: Secs. 137, 144, code.

*D. G. Courtnay,* for defendants in error, cited: *Tessier v. Crowley,* 16 Neb., 372, and cases cited. *Ashton v. Jones,* 14 Neb., 429.

MAXWELL, J.

This is an action to redeem certain real estate, the cause of action being stated as follows: "That on or about the 2d day of Nov., A.D. 1875, one Henry Atkins recovered a judgment for the sum of $799.04 in the district court of

Lancaster county, Nebraska, against the said Eleanor Hilton and others, and on or about the 17th day of February, 1879, an order of sale was issued on said judgment at the instance of Henry Atkins, the plaintiff therein, and placed in the hands of J. S. Hoagland, sheriff of said Lancaster county, who, on the 21st day of March, 1879, sold said real estate under and by virtue of said order of sale to the defendant herein, Martha I. Courtnay, and thereafter said sale was by the said district court confirmed, and on the 3d day of April, 1879, the said sheriff executed and delivered his deed to the said Martha I. Courtnay therefor, and said deed was, on the 7th day of April, 1879, filed for record in the clerk's office of said Lancaster county, and recorded in book 1 of deeds, page 129; that said judgment is not now, nor at any time has been, a lien upon said real estate or any part thereof, for the reason that no summons was ever issued and served upon the said Eleanor Hilton, nor any constructive service or notice of said action given to the said Eleanor Hilton, as provided by law, and the court had no jurisdiction of said cause so far as the said Eleanor Hilton was concerned, and the decree therein was null and void, and the sale and sheriff's deed of said real estate thereunder casts a cloud upon plaintiff's title to the same."

A demurrer to the petition was filed and overruled, whereupon the defendants answered, claiming that service by publication in the foreclosure action was full and complete, and attached as exhibits to the answer and made a part of the same a copy of the proceedings by means of which the court acquired jurisdiction. These proceedings, while they contain a copy of the notice to non-resident defendants, and an affidavit of the publication of the same, yet fail to show an affidavit for service by publication. No objection was made on that ground, however, in the court below. The plaintiff filed a reply, denying the facts stated in the answer. On the trial of the cause the court found the issues in favor of the defendants, and dismissed the action.

After the cause was submitted to the court below, and while held under advisement, the plaintiff's attorney made application to the court to file the affidavit for service by publication, which application was denied by the court, to which the plaintiff excepted. After the final judgment, however, the plaintiff did not move for a new trial, and therefore none of the proceedings on the trial and before judgment can be reviewed on error. The plaintiff also failed to file a transcript and petition in error till more than six months had elapsed from the rendition of the decrees, hence too late to be treated as an appeal. The court is therefore unable to grant any relief by reviewing the proceedings during the trial and prior to the final judgment.

The answer, however, is clearly insufficient to constitute a defense to the petition; but we find no objection to the same made by the plaintiff in error, either in his assignments of error or otherwise. Neither do we find any offer in his petition to redeem or pay the amount due the defendants upon their mortgage, with taxes and interest. The plaintiff has not sought to amend either his petition or the assignments in his petition in error. Whether or not he will be permitted to do so upon the payment of all costs need not be now considered.

**JUDGMENT AFFIRMED.**

THE other judges concur.