Beatrice Paper Co. v. Beloit Iron Works.

---

BEATRICE PAPER COMPANY v. BELOIT IRON WORKS.

FILED JANUARY 22, 1896. No. 5946.

1. **Error and Appeal:** ELECTION OF REMEDIES. If the judgment which the litigant seeks to have reviewed is appealable, he may have it reviewed on appeal or error, at his election; and he may make such election at any time before the final submission of the case in this court. He may dismiss his appeal and stand on his petition in error, or *vice versa;* but if he makes no such election, this court will review the judgment of the district court on error when there is filed with the transcript a petition in error. *Woodard v. Baird,* 43 Neb., 310, and *Monroe v. Reid,* 46 Neb., 316, followed and reaffirmed.

2. **Judicial Sales:** ORDER OF CONFIRMATION: REVIEW. In a proceeding in error from a decree of the district court confirming a judicial sale this court will not review a question involving the

merits of the original decree.   *State Nat. Bank of Lincoln v. Sco-field*, 9 Neb., 499; *Stratton v. Reisdorph*, 35 Neb., 314; *Nebraska Loan & Trust Co. v. Hamer*, 40 Neb., 281, followed and reaffirmed.

3. Orders Recalling Executions: POWER OF COURTS. The district courts of this state have authority to control their process, and for sufficient reason may recall an execution or order of sale and set aside an appraisement of property made thereunder.

4. Order of Sale: DESCRIPTION OF PROPERTY: RECALLING EXECUTION. The fact that all the property made liable by a decree is not described in the execution or order of sale issued is sufficient reason to authorize the district court to recall the order of sale and set aside the appraisement made thereunder.

5. Decrees: PROCEDURE: NOTICE. In a suit in equity, where the decree has been entered and the case is still on the docket pending proceedings to sell the property, all of the parties to the case, in the absence of a rule on the subject, are bound to take notice of all the orders entered and steps taken by the court in the case in term time which do not affect the original decree.

6. Judicial Sales: CONFIRMATION AT CHAMBERS: CONSTITUTIONAL LAW. The constitutionality of the act passed and approved February 25, 1875 (Session Laws, 1875, p. 38), by which section 498 of the Code of Civil Procedure was so amended as to confer authority upon the district judges sitting in chambers to confirm judicial sales, is no longer an open question in this court. *McMurtry v. Tuttle*, 13 Neb., 232, reaffirmed.

7. Statutes: REPEAL: CONSTRUCTION. The act passed and approved March 2, 1881 (Session Laws, 1881, p. 226, ch. 46) does not repeal any part of section 498 of the Code of Civil Procedure, nor repeal section 39 of the act passed and approved February 27, 1879 (Session Laws, 1879, p. 90), but said laws should all be construed together.

8. —— : —— : ——. A statute will not be construed as repealing by implication another statute unless the repugnancy between the two is plain and unavoidable. (*Lawson v. Gibson*, 18 Neb., 137.)

ERROR from the district court of Gage county.   Tried below before BABCOCK, J.

*J. E. Cobbey* and *G. M. Johnston*, for plaintiff in error.

*S. L. Geisthardt* and *S. D. Killen, contra.*

RAGAN, C.

This is a suit in equity in the district court of Gage county brought by the Beloit Iron Works against the Beatrice Paper Company and others. In its petition the Iron Works claimed that the Paper Company was indebted to it in a large sum of money for labor and material furnished by it to the Paper Company towards the erection of a paper mill on its property, and claimed a lien upon the property of the Paper Company under the mechanics' lien law of the state to secure the payment of the Paper Company's indebtedness to it. The Iron Works had a decree as prayed in its petition, under which the property of the Paper Company was sold to the Iron Works, the sale confirmed, and the Paper Company prosecutes to this court proceedings in error.

1. The Paper Company has filed in this court what it denominates a "petition in error and on appeal," and thus seeks to have this court review the judgment of the district court both on appeal and error. In *Woodard v. Baird,* 43 Neb., 310, it was held that "when a case is in its nature appealable, and the party seeking a review files, in connection with the transcript, a petition in error, he will be deemed to have elected to proceed in error, and not by appeal;" and in *Monroe v. Reid,* 46 Neb., 316, it was held that "a case will not be considered in this court as both an appeal and a proceeding in error. A party must elect which remedy he will pursue, and having filed a petition in error, must be presumed to have selected that remedy." It must, therefore, be considered as settled that a litigant cannot have reviewed in this court a judgment of a district court both on appeal and in error. If the judgment which the litigant seeks to have reviewed is appealable he may have it reviewed on appeal or error, at his election; and

he may make such election at any time before the final submission of the case in this court. He may dismiss his appeal and stand on his petition in error, or he may dismiss his petition in error and stand on his appeal; but if he makes no such election, this court will review the judgment of the district court on error when there is filed with the transcript a petition in error.

2. The first assignment of error argued here by counsel for the Paper Company is that the main decree rendered by the district court in the action is erroneous, in that it makes the debt found due to the Iron Works from the Paper Company a lien under the statute upon certain property owned by the Paper Company, and on which property the material and labor furnished by the Iron Works were not used in constructing the improvements for the Paper Company; and that, therefore, the court erred in issuing an order for the sale of the property of the Paper Company made liable by the decree for the debt. But the petition in error filed here by the Paper Company does not assail in any respect the correctness of the decree of the district court. The petition in error challenges only the correctness of the proceedings of the district court subsequent to the rendition of such decree and prays that the order confirming the sale made under the decree may be reversed. In *State Nat. Bank of Lincoln v. Scofield*, 9 Neb., 499, it was held: "On an appeal from an order of the district court confirming a sale of mortgaged premises, held that this court would not consider a question involving the merits of the original case." In *Stratton v. Reisdorph*, 35 Neb., 314, it was held: "Where parties have been personally served with summons and make an appearance in a suit to foreclose a mortgage, they cannot afterwards to defeat confirmation assail the decree for mere irregularity." (See, also, *Nebraska Loan & Trust Co. v. Hamer*, 40 Neb., 281.) The court had jurisdiction of the subject-matter of the action and of the parties

thereto, the petition stated a cause of action, the decree rendered is supported by the pleadings, and no appeal has ever been taken from this decree, nor has any proceeding in error been had or commenced which challenges its correctness. We cannot, therefore, look into the record for the purpose of ascertaining whether the decree is erroneous. It is not void. It is not directly attacked in this proceeding, and it must therefore be conclusively presumed to be valid.

3. An order for the sale of a part of the property described in the main decree was issued, such property appraised, advertised, and offered for sale and not sold for want of bidders. The sheriff returned such order of sale into court, reciting his proceedings under it, and thereupon counsel for the Iron Works moved the court to vacate and set aside the appraisement made of the property and for the issuance of an *alias* order of sale upon the ground that all of the property described in the main decree was not mentioned in the order of sale issued. This motion the court sustained, vacating the first appraisement and ordering an *alias* order of sale to issue. The action of the court in thus vacating the first appraisement is the second error assigned and argued. It is first insisted that the court was without authority to vacate the first appraisement until the property had been twice offered for sale under the appraisement and not sold for want of bidders; and that the language of this court in *Hubbard v. Draper*, 14 Neb., 500, holding that an appraisement of real estate might be vacated by the court for any sufficient reason, is a mere "*dictum*." Whether the language used by the court in the case cited is a "*dictum*" or not, we do not think it necessary to cite authority to the proposition that a court has authority to control its process, and for sufficient reason to recall an execution or an order of sale and to set aside an appraisement made of property under execution and this statement is not to be considered *obiter*. On looking into the record we find that some of the prop-

erty described in the decree was not described in the first order of sale. This, of itself, was sufficient to authorize the district court to recall the order of sale and set aside everything that had been done under it. The Iron Works had the right to insist that the order of sale should be as broad as the decree, and that the sale of the property should be made in accordance with the decree of the court. (*Nebraska Loan & Trust Co. v. Hamer*, 40 Neb., 281.)

A second argument made to sustain this assignment of error is that the court made the order vacating the first appraisement without any notice to the Paper Company or its counsel. We assume for the purposes of this opinion that the Paper Company had no actual notice of the application of the Iron Works to the court to vacate the appraisement and did not know that the same had been vacated until long afterwards. But this application to vacate the appraisement was made in open court. The order vacating the appraisement was made on one of the days of a regular term of the court and while it was in session transacting business. The case was on the docket. Proceedings were pending for the sale of the property under the decree in the action. The officer had made his return of what he had done under the order of sale. It was on file, and the Paper Company and all other parties to the suit, in the absence of some rule of the court on the subject, were bound to take notice of every step taken in the case by the court which did not affect the original decree.

4. The order confirming the sale was made by the judge of the district court at chambers upon due notice to all parties. The final assignment of error is that the district judge had no jurisdiction to make this order. The argument advanced to sustain this contention is as follows: Section 498 of the Code of Civil Procedure in express terms confers authority upon the district judges to confirm sales of real estate in vacation. The legislature on the 27th day of February, 1879 (see Session Laws, 1879, p. 82),

passed an act entitled "An act to amend chapter 13 of the
Revised Statutes of 1866, entitled 'Courts.'" By section
39 of this act it was provided that a judge of the district
court might sit in chambers anywhere within his district for
the purpose of confirming judicial sales and for other enu-
merated purposes; and on the 2d day of March, 1881, the
legislature passed another act entitled "An act to give to the
several judges of the judicial districts of Nebraska certain
powers when sitting in chambers anywhere within their re-
spective judicial districts." (See Session Laws, 1881, p.
226, ch. 46.) By this act certain powers were conferred
upon the district judges when sitting in chambers, but the
power to confirm judicial sales was not one of the powers
mentioned in the latter act. Counsel for the Paper Com-
pany correctly say that so much of said section 498 of the
Code of Civil Procedure as authorizes a judge of a district
court to confirm a judicial sale at chambers owes its origin
to the act of the legislature passed and approved February
25, 1875 (see Session Laws, 1875, p. 38); and the argu-
ment is that this last act, by which said section 498 of the
Code of Civil Procedure was amended, is unconstitutional
and void. The constitutionality of this act of 1875 amend-
ing said section 498 of the Code of Civil Procedure was
considered by this court in *McMurtry v. Tuttle*, 13 Neb.,
232, and it was there held that the act was not repugnant
to the constitution. The validity, then, of said section
498 of the Code of Civil Procedure, as it now stands, is no
longer an open question. It is also argued that section 39
of the act of 1879, quoted above, is also unconstitutional,
but since section 498 of the Code of Civil Procedure is
valid and confers authority upon judges of the district
court sitting in chambers to confirm judicial sales, we
need not stop to inquire whether the act of 1879 be
valid or not. Again, it is insisted that the act of 1881,
quoted above, is a valid act in all respects, and that by
that act the act of 1879 and so much of section 498 of the

Code of Civil Procedure as authorizes a judge at chambers to confirm a judicial sale were repealed. If the act of 1881 repeals section 498 of the Code of Civil Procedure and section 39 of the act of 1879, quoted above, it must be by implication, as the act does not assume, either in its title or body, to repeal any previous law, and there is no repugnancy between the act of 1881 and section 498 of the Code of Civil Procedure and the act of 1879 quoted above. All these statutes, then, should be construed together. A statute will not be construed as repealing by implication another statute unless the repugnancy between the two statutes is plain and unavoidable. (*Lawson v. Gibson*, 18 Neb., 137, and case there cited.) The assignments of error, then, and each of them, are therefore overruled and the judgment of the district court is in all things

AFFIRMED.