JOHN D. HOOVER ET AL. V. F. J. HALE.

| 56 | 67 |
| 61 | 341 |
| 61 | 499 |

FILED SEPTEMBER 23, 1898.    No. 8274.

1. **Executions: OBJECTIONS TO APPRAISEMENT.** Objections that real estate seized on execution has been appraised too high or too low should be made and filed in the court from which the execution issued before the sale occurs or such objections will be unavailing.

2. ———: ———: RES JUDICATA. A judgment is an adjudication of the rights of the litigant to the subject-matter of the suit, and in a proceeding to confirm a sale made to satisfy such judgment the district court has no authority to inquire into its merits.

3. ———: SALE: OBJECTIONS TO CONFIRMATION: RES JUDICATA: MARRIED WOMAN: ESTATE CONVEYED. A married woman owned a flour mill and the fee to five acres of land on which it was situate. The mill was operated by water power furnished by a race and dam situate on an adjoining piece of school land, the title to which was in the state, but of which her husband was lessee, and on which land he resided with his family. A sheriff levied an execution upon the mill property, attempted to levy it upon the race and dam as the water power of the mill, caused the mill property and the water power to be separately appraised, in his notice of sale described the mill property and the water power separately, and sold the whole to satisfy a judgment rendered against the husband and wife on a promissory note signed by them. The wife interposed as an objection to the confirma-

tion of the sale her coverture at the time of the execution of the note; that she signed the same as surety for her husband, and without reference to her separate property or business. *Held*, That, though this was a defense which she might have interposed to a suit upon the note, she could not urge it as an objection to the confirmation of the sale. The husband objected to the confirmation of the sale on the ground that the mill race and dam constituting the water power of the mill were part of his homestead, and therefore not liable to sale on execution. *Held*, (1) That no part of the husband's leasehold interest in the school land passed by the sale; (2) that the mill dam and race were easements upon the fee of the school land; (3) that the sale of the mill property carried these easements with it, as appurtenances; (4) that the separate appraisement and advertisement of the mill and water power, while proper enough, were not essential.

ERROR from the district court of Madison county. Tried below before NORRIS, J. *Affirmed.*

*S. O. Campbell*, for plaintiffs in error.

*Reed & Ellis* and *Reed & Gross, contra.*

RAGAN, C.

To an understanding of the points decided in this case a brief statement of the facts is essential. In June, 1891, in the county court of Madison county, F. J. Hale recovered a judgment against John D. Hoover and Luella Hoover, his wife, on a promissory note executed by them. It seems that this note was not given by Mrs. Hoover with any reference to her separate-estate, trade, or business, nor did she intend to bind her separate estate for its payment; that she received no consideration for signing said note but executed the same as surety for her husband. A transcript of this judgment was duly filed and docketed in the office of the clerk of the district court of said county, and subsequently an execution issued thereon. Under this execution the sheriff levied upon some five acres of land in a certain section 31, the property of Mrs. Hoover. On this land, and constituting its chief value, was a flour mill. The mill was operated by

water power. This was furnished by a dam and race situate on a part of a certain section 36, the fee simple title to which land was in the state of Nebraska. John D. Hoover and his family occupied this land as their homestead under a lease from the state. The sheriff levied or attempted to levy the execution in his hands upon this mill race, dam, and water power on the school land, had the same separately appraised and advertised, and, in the sale made under the execution, not only sold the five-acre tract on which the mill was situate, but in express terms included in said sale the race, dam, and water power of the mill. After the sale had been made, Hoover and his wife appeared in the district court of Madison county, and objected to the confirmation of the same. The objections were overruled, the sale confirmed, and they have filed a petition in error here to review the confirmation judgment.

1. It is first insisted that the property was appraised too low; that it was worth at least twice the sum at which it was appraised. But the plaintiffs in error filed in the district court no objections to the appraisement made of the property until after it had been sold. After the sale was made it was then too late for the plaintiffs in error for the first time to question the appraisement on the grounds that the same was too low. Objections that real estate seized on execution has been appraised too high or too low should be made and filed in the court from which the execution issued, before the sale occurs, or such objections will be unavailing. (*Mills v. Hamer*, 55 Neb. 445, and case cited.)

2. A contention of Mrs. Hoover is that the district court should have set aside the sale because she made it appear on the hearing of the objections to the confirmation that she received no consideration for the note which she had signed with her husband; that it was not signed by her with reference to her separate estate, trade, or business. But this is an argument that Mrs. Hoover was entitled, on the hearing of objections to the confirma-

tion of the sale, to interpose and have determined—a defense which she alleged she had to the action in which the judgment was rendered and under which judgment the sale occurred. But the record of the judgment on which the sale under consideration was based disclosed upon its face that the county court had jurisdiction of the subject-matter and of the parties to the suit in which that judgment was rendered. The district court then was without authority to entertain an objection to the confirmation of the sale, which objection was simply a defense which Mrs. Hoover might have interposed to the action against her in the county court. That judgment determined the rights of the parties to that suit, and in the proceedings to confirm the sale of real estate made to satisfy such judgment the district court was without authority to investigate the merits of that judgment. (*Beatrice Paper Co. v. Beloit Iron Works*, 46 Neb. 900.)

3. As already stated, the tract of school land on which were the mill race, dam, and water power of the mill of Mrs. Hoover was occupied by Mr. Hoover and his family as a homestead; and he complains of the refusal of the district court to set the sale aside because he alleges that this homestead, being less in quantity than 160 acres, and less in value than $2,000, and not being in any incorporated municipality, was not liable to be taken and sold on execution. Mr. Hoover's contention that his homestead was not liable to sale on execution is conceded, but, as we view the case, no part of his homestead was sold under this execution. In the first place the fee simple title to this school land was in the state, and Hoover was a mere tenant; and the sale made by the sheriff did not have the effect, and was not intended to have the effect, of divesting Hoover of his leasehold interest in this school land. The mill race, the water power, and dam were appurtenances of the mill of Mrs. Hoover; and, by the sale of the mill, they passed as such appurtenances to the purchaser. These appurtenances constituted an easement on the school land, and we sup-

pose that the right to construct and maintain this ease-
ment on this school land had been granted to Mrs.
Hoover, or her grantors, by the owner of the fee of the
school land; and Hoover, when he became lessee of the
school land, held subject to this easement. The sheriff's
causing the race, dam, and water power on the school
land to be separately appraised and described in express
words in his proceedings of sale, while proper enough,
were by no means essential, as this race, dam, and water
power were appurtenances belonging to the mill prop-
erty, and a sale and conveyance of that property, either
voluntarily by the owner, or involuntarily by judicial
process, would have invested the purchaser with the ap-
purtenances had they not been mentioned or described
in the conveyance or proceeding. (*Witte v. Quinn*, 38 Mo.
App. 692; *Riddle v. Littlefield*, 53 N. H. 503; *Jackson
v. Trullinger*, 9 Ore. 393; *Huttemeier v. Albro*, 18 N. Y. 48;
*Morgan v. Mason*, 20 O. 402; Compiled Statutes. ch. 73,
sec. 50; Code of Civil Procedure, secs. 499, 500.)

We conclude, therefore, that the mill race, dam, and
water power were not included in John D. Hoover's
leasehold interest in the school land, and that these con-
stitute an easement upon that land and appurtenances
of the mill property which belonged to Mrs. Hoover. The
judgment of the district court is

AFFIRMED.