Cox v. Parrotte.

MARY E. COX, APPELLEE, V. JOSIAH L. PARROTTE ET
AL., APPELLANTS.

FILED MARCH 7, 1900. No. 9,174.

1. Decree of Foreclosure: REVIEW: LIMITATION. This court can not
review a decree of foreclosure when the same was rendered
more than two years prior to the perfecting of the appeal.

2. Judicial Sale: MOTION TO VACATE: OBJECTIONS. On a motion to
vacate a judicial sale, objections to the decree under which
such sale was made can not be considered.

APPEAL from the district court of Buffalo county.
Tried below before GREENE, J. *Affirmed.*

*Hamer & Hamer,* for appellants, cited: Pomeroy,
Equity Jurisprudence [3d ed.], 1227, note; 2 Jones,
Mortgages, sec. 1540; *Peabody v. Roberts,* 47 Barb. [N. Y.],
91; *Schadt v. Heppe,* 45 Cal., 433; *Bates v. Ruddick,* 2 Ia.,
423; *Hosford v. Johnson,* 74 Ind., 479; *Jefferson v. Coleman,*
110 Ind., 515; *Shaw v. Heisey,* 48 Ia., 468; *Bolles v. Duff,*
43 N. Y., 469; *Catterlin v. Armstrong,* 101 Ind., 258.

*S. M. Nevius, contra.*

NORVAL, C. J.

On March 14, 1895, the district court of Buffalo county
entered a decree of foreclosure in this cause, determin-
ing the priority of the several liens; and ordered, in case
the defendants should fail for fifteen months to pay the
costs, and pay the plaintiff and cross-petitioners the sums
found by the decree to be due each, with interest thereon,
that the defendants, excepting the cross-petitioners and
the McKinley-Lanning Loan & Trust Company and
Erastus E. Brown, be foreclosed of all equity of re-
demption, right, title or interest in the mortgaged prem-
ises; and that the property be sold by the sheriff, and the
proceeds brought into court to be applied in satisfaction
of the amounts found due the respective lienors in the

order of the priority of the liens as found by the court. A sale of the premises under this decree was had, a motion to set aside the same was filed and overruled, and the sale confirmed, from which order the Nebraska Land Growing & Investment Company appeals.

One of the points made in the motion to vacate the sale was that the premises were not sold free and clear of liens, but subject to the liens of the cross-petitioners and the McKinley-Lanning Loan & Trust Company and Erastus E. Brown, which were junior to the lien of the plaintiff. The objection is wholly unavailing. The property was sold in strict compliance with the terms of the decree of foreclosure. The fault, if any, was with the decree, which can not now be reviewed, since the same was rendered more than two years prior to the docketing of this appeal. The order is

AFFIRMED.