Taylor v. Evans.

---

I. BENTON TAYLOR, APPELLEE, v. J. E. EVANS, APPELLANT.

FILED MAY 16, 1921.   No. 21071.

Taxation: TAX LIENS: FORECLOSURE: VOID SALES. In a suit to foreclose separate tax liens upon distinct tracts owned by the same person, the sale of all such tracts together to satisfy the combined amount of the several liens is prohibited by section 6565, Rev. St. 1913, notwithstanding the proviso thereto, permitting the court to apply the proceeds of the sale of one tract to the

payment of the lien upon another tract belonging to the same person. Such sale, being beyond the jurisdiction of the court to order or, by confirmation, to approve, is void and will be set aside in a collateral suit brought for that purpose.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Evans & Evans,* for appellant.

*Beeler & Crosby, contra.*

DORSEY, C.

The appellee, I. Benton Taylor, was the owner of two noncontiguous tracts of land in Lincoln county, namely, all of section 19, and 160 acres in section 24, township 15, range 29. These tracts were separately sold for delinquent taxes and a separate tax sale certificate for each tract was issued by the county treasurer to the purchaser, H. S. Evans. November 4, 1915, Evans commenced a suit to foreclose these tax liens, setting up each of the tax certificates as a separate lien upon the particular tract covered thereby. The appellee, as owner of the land, was made defendant and personally served with process, but made no appearance. In its decree the district court for Lincoln county made separate findings as to the amount due upon each tax certificate separately and established that amount as a lien upon the particular tract. It was ordered that, if the appellee should fail within 30 days to pay the amount of the lien found and adjudged to exist upon section 19, an order of sale should issue to the sheriff directing him to appraise, advertise and sell that tract, and a precisely similar order was made in the decree as to the tract in section 24.

The appellee failing to redeem, the clerk issued an order of sale, in which, instead of keeping the two liens and the two tracts separate and distinct, he combined the amounts due upon both liens and directed the sheriff to sell both tracts for the aggregate sum. That officer accordingly procured an appraisement of both tracts together in a lump sum and sold both tracts together, as if they were

in one body, to H. S. Evans, the plaintiff in the fore-closure action. The appellee filing no objections, the sale was on December 4, 1916, confirmed and a sheriff's deed issued to the purchaser in conformity therewith.

January 26, 1918, the appellee commenced the suit now under consideration upon this appeal, for the cancelation of the deed and all proceedings leading up to it and to be let in to redeem. That relief was granted him in the court below, which adjudged the sale to be void, and the appellant, J. E. Evans, as grantee of the purchaser at the sheriff's sale in question, seeks a reversal of that decree.

In selling both tracts together for the aggregate amount of both liens, the sheriff obeyed the directions of the order of sale, which, however, were exactly contrary to the terms of the decree, whereby it was specifically ordered that each tract be sold separately in satisfaction of the lien specifically established thereon. Section 6565, Rev. St. 1913, with reference to tax lien foreclosures, provides: "No lot or parcel of land shall be sold for taxes due upon any other lot or parcel of land." And the decree was in conformity therewith. The violation by the sheriff of the terms of the decree would undoubtedly have entitled the appellee, as owner of the land, to an order setting aside the sale, if he had filed timely objection before confirma-tion.

The controlling question here, however, is whether the departure by the sheriff from the provision of the statute above quoted, and from the terms of the decree which was in accord with the statute, was a mere irregularity which would be cured by confirmation, or was the mode of sale adopted by the sheriff one that the court was without jurisdiction either to order in the first instance, or after-wards, by confirmation, to ratify and approve? If it was clearly beyond the limits of the court's jurisdiction, a sale of the two tracts for the combined amount of the liens would be void, and, therefore, subject to collateral attack. The court could not, by confirmation, make valid a pro-

cedure which it could not in the first instance have ordered.

The provision of section 6565, above quoted, prohibits the district court, in a suit in which the holder of separate tax liens upon distinct tracts owned by the same person seeks foreclosure, from ordering the sale of one tract for the lien upon another. Such would be the effect of combining the amounts of both liens in this case and ordering the sale of both tracts to satisfy them. That prohibition is not affected, in our opinion, by the proviso appended to that section, which reads:

"Provided, where the same defendant is the owner of two or more lots or parcels of land, the court may in its decree order that any surplus proceeds of sale of one lot or parcel of land shall be applied to the payment of taxes and costs against any other lot or parcel of land owned by the same defendant."

Not only does the proviso not furnish authority to sell both tracts for the combined amount of the several liens, but it points the way to a method by which, after one tract has been sold for more than enough to satisfy the lien upon it, the sale of the other tract may be obviated by applying the surplus to the payment of the tax lien upon the latter. No such order as is contemplated in the proviso to section 6565 was, in fact, included in the decree under consideration, but it is argued that the proviso recognizes the right of the court to make one tract liable for the tax lien upon the other, and that it was therefore not beyond the court's jurisdiction to approve the sale of both tracts together in discharge of the combined liens. In our opinion, nevertheless, the proviso does not deal with the mode of sale or deprive that part of the section which prohibits the sale of one tract for the lien upon another of any of its force; it deals only with the application of the proceeds of the sale, and is a remedial provision which the landowner may invoke to prevent the needless sale of more than one tract, where

each tract has been properly ordered sold to pay the particular lien upon it.

The express prohibition of the statute against the combined sale of tracts subject to separate liens is in harmony with the principles of common right and equity, under which the remedy of a lienholder, whether of a tax lien or mortgage, is confined to the property held as security. We can see no distinction between a case wherein two or more separate tax liens upon distinct tracts are involved and a case in which two or more separate mortgages upon distinct tracts owned by the same person are sought to be foreclosed. In the latter case it has been held that a sale of the tracts together for a gross sum is unauthorized and void, and will be set aside in a collateral suit. *Hull v. King*, 38 Minn. 349. The lien must be enforced upon the particular property to which, by operation of law or the contract of the parties, it has attached. The fact that the lienholder unites several demands upon distinct tracts in the same suit does not empower the court to enlarge his security by combining all the tracts upon which he has separate liens in one sale in gross. The district court was, in our opinion, without jurisdiction to order or by confirmation to approve a sale so conducted; it was void and therefore open to collateral attack.

The question here considered is, we think, quite different from that which would arise when several tracts are covered by one lien, or when one large tract covered by a lien might more advantageously be subdivided and sold in smaller tracts, and it is a question whether the land should be sold in parcels or in gross. *First Nat. Bank v. Hunt*, 101 Neb. 743. In such a case the lien is actually secured upon all the land in all the tracts, and there is no fundamental inequity in selling all the land to satisfy it. In such instances, it is within the jurisdiction of the court, in the exercise of its sound discretion as to what would be for the best interests of the parties, to direct the sale to be made in either manner, and its order in

that regard would be voidable only upon direct objection and appeal in that suit.

The relief granted by the decree of the district court was right, and we accordingly recommend that it be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.