DOUGLAS COUNTY, APPELLEE, V. BARKER COMPANY ET AL.: MICHAEL P. JORDAN, APPELLANT.

FILED JULY 20, 1933. No. 28529.

*A. H. Murdock,* for appellant.

*Henry J. Beal, H. C. Schoening* and *C. F. Connolly,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

Eberly, J.

This is an appeal by Michael P. Jordan from an order of confirmation entered in the above entitled cause on April 19, 1932, the same being a tax foreclosure carried on pursuant to section 77-2039, Comp. St. 1929.

The transcript on appeal filed in this court commences with an order of sale issued upon a tax foreclosure proceeding brought by the county of Douglas pursuant to the provisions of sections 77-2039 et seq., Comp. St. 1929. Then follows: "Sheriff's Return To Order Of Sale, Proof Of Publication, Objections To Confirmation of Sale," and motion to set aside the same filed by the appellant; "Motion To Confirm Sale" (by county of Douglas) ; order of the district court for Douglas county overruling objections and confirming sale, and notice of appeal. Appellant has also filed, as part of his record, a bill of exceptions duly allowed containing evidence presented to the trial court upon the hearing of his objections to confirmation.

Appellee challenges the right of this court to consider the evidence preserved in the bill of exceptions for the reason that appellant filed no motion for a new trial as required by sections 20-1142, 20-1143, and 20-1144, Comp. St. 1929. The cases of *In re Estate of Buder*, 117 Neb. 52, *In re Estate of Swan*, 82 Neb. 742, *Young v. Estate of Young*, 103. Neb. 418, and *Dunham v. Courtnay*, 24 Neb. 627, are cited as supporting this contention.

It is to be observed that the cases cited are law actions, as distinguished from actions in equity. The sections of the statute cited, in identical terms, formed a part of our first Civil Code, originally adopted in 1866. As to the form of the action necessitated by the facts of the present case, the controlling statute is a direction "to foreclose the lien for all taxes then delinquent, in the same manner, except as herein provided, and with like effect as if such lien were a mortgage." Comp. St. 1929, sec. 77-2039.

This procedure necessarily invokes equitable jurisdiction and implies the exercise of equitable powers. In-

deed, it must be deemed an adequate authorization for the maintenance of a suit in equity for the foreclosure of tax liens. *County of Lancaster v. Rush,* 35 Neb. 119; *County of Lancaster v. Trimble,* 34 Neb. 752; *Logan County v. Carnahan,* 66 Neb. 693.

Prior to 1905, under the provisions of section 675 of the Civil Code then existing, an appeal in actions in equity was provided in which no motion for a new trial was necessary. *Swansen v. Swansen,* 12 Neb. 210; *Smith v. Silver,* 58 Neb. 429.

Section 1, ch. 174, Laws 1905, was next enacted, which, except as to the time limited for filing of transcript on appeal, was identical with section 20-1912, Comp. St. 1929. In construing this language, this court declared: "To secure a review of an equity case in this court, the filing of a motion for a new trial in the court below is not required." Further, that "the amendment of 1905 did not change this rule." *Ogden v. Garrison,* 82 Neb. 302. See, also, *Dodge v. Healey,* 103 Neb. 180. It follows that in the instant case, notwithstanding the absence of a motion for a new trial, the evidence contained in the bill of exceptions is properly for our consideration.

Taking up the objections to confirmation of the sale, in the light of the evidence in the record, it must be remembered that, in a mortgage foreclosure, "the only matter settled and adjudicated in the proceedings and order of confirmation is as to the proceedings of the sheriff and those acting under and with him in the levy, appraisement, advertising, making, and returning of said sale." *Best v. Zutavern,* 53 Neb. 619.

"On a motion to vacate a judicial sale, objections to the decree under which such sale was made cannot be considered." *Cox v. Parrotte,* 59 Neb. 701. See, also, *Cochran v. Cochran,* 1 Neb. (Unof.) 508; *Hoover v. Hale,* 56 Neb. 67.

It is quite obvious, under the rule above announced, that appellant's contentions as to the alleged failure of the county treasurer to offer the property for sale for

taxes for three consecutive years before it can be included in a foreclosure action cannot be sustained. The claimed failure of the county treasurer to offer the land at a public tax sale at his office, etc., are matters for consideration, if at all, prior to the entry of the decree of foreclosure and sale. *Logan County v. Carnahan,* 66 Neb. 693. Valid objections to confirmation of sale may not be based thereon.

As to the claim of the unconstitutionality of section 77-2039, Comp. St. 1929, it may be said that, upon the consideration of similar questions, in *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.,* 121 Neb. 493, such section 77-2039 was determined valid and constitutional. With that decision, and the reason on which the same proceeds, we remain content.

We have carefully examined the proceedings of the sheriff in the instant case in carrying out the directions of the order of sale, and find that the same are in all respects regular, in conformity with law, and they are approved.

The record in this case failing to disclose any *bona fide* attempt on the part of appellant to redeem the lands in suit, no question as to the amount of money required for a lawful redemption from this sale is presented by the record for determination.

No error appearing, the action of the trial court in overruling appellant's objections to the sheriff's sale, and in its confirmation of the same, is correct, and is

AFFIRMED.