SCHOBERT-ZIMMERMAN DRAINAGE DISTRICT, APPELLEE, V. JOHN L. SOLL ET AL., APPELLANTS.

272 N. W. 775

FILED APRIL 23, 1937.   No. 29930.

*Charles W. Haller,* for appellants.

*Nickerson & Nickerson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity to foreclose a tax sale certificate evidencing liens in favor of Schobert-Zimmerman Drainage District, plaintiff, against two contiguous tracts of land owned by John L. Soll, defendant, in Sarpy county. The liens were created by assessments for special benefits of $6.50 for drainage improvements accruing to a 20-acre tract and by assessments for special benefits of $617.50 for drainage improvements accruing to a 40-acre tract. The tracts were sold for unpaid delinquent assessments for drainage benefits by the county treasurer of Sarpy county at private tax sale to plaintiff, one certificate of sale including both liens.

The answer of defendant Soll contained a general denial and pleas that his lands were not benefited by plaintiff and that they were assessed in another drainage district and the assessments therein paid.

Upon a trial of the cause, the district court found the issues in favor of plaintiff and decreed a foreclosure of its tax sale certificate. Defendant appealed.

The appeal does not present any issue of fact for de-

termination. The evidence was not preserved by a bill of exceptions. There is therefore nothing in the record to refute any issuable fact determined by the district court. According to the transcript of the proceedings, the following facts, in substance, were established by the findings below: Plaintiff is a regularly organized drainage district in which the two contiguous tracts of land owned by Soll are situated. The 20-acre tract was benefited by drainage improvements to the extent of $6.50 and the 40-acre tract to the extent of $617.50. Assessments for the benefits were made by the proper officers pursuant to the requirements of law. The proceedings throughout, including notices, were regular and in compliance with legislation on the subject. The assessments were certified to the county clerk of Sarpy county and placed on the tax list in the office of the county treasurer and each assessment became a first lien.

Power of the drainage district to buy the land at tax sale and to foreclose the tax sale certificate was granted by statute. Comp. St. 1929, secs. 77-2010, 77-2041.

The principal argument of defendant is directed to the proposition that the decree discloses error on its face by ordering the sale of the 20-acre tract which is charged with the small lien of $6.50 to pay the assessment of $617.50 against the 40-acre tract. The proposition itself is at variance with the decree. Each assessment was levied against the tract to the extent it was benefited. The tracts were contiguous and owned by the same defendant. The land to be first offered at judicial sale is the 40-acre tract. The 20-acre tract is to be sold only in the event that the proceeds of the first sale do not equal or exceed both liens, interest and costs. These directions may be beneficial to defendant by making the sale of the smaller tract unnecessary and are in harmony with the statute which provides:

"Where the same defendant is the owner of two or more lots or parcels of land, the court may in its decree order that any surplus proceeds of sale of one lot or parcel of land shall be applied to the payment of taxes and costs against any other lot or parcel of land owned by the same

defendant, where no rights of third persons will be affected thereby, and that only so much of the land so owned by one defendant shall be sold as may be necessary to satisfy all taxes and costs charged against all the lands owned by the same defendant." Comp. St. 1929, sec. 77-2045.

The decree of foreclosure, therefore, is not void or erroneous for the asserted reason that it directs the sale of one tract to pay an assessment lien on another tract.

It is further insisted the district court erroneously deprived defendant of the pleaded defense that this same land was improved by drainage work of an older drainage district which levied and collected assessments therefor. This defense is without merit, since plaintiff, an existing drainage district, benefited defendant's land by drainage improvements to the extent of the assessments levied against it as authorized by law. The findings of fact below eliminate this defense and are not open to review on appeal in absence of a bill of exceptions.

A general demurrer to the petition is also without merit.

Error in the proceedings and judgment of the district court has not been pointed out or found.

AFFIRMED.