CITY OF SCOTTSBLUFF, APPELLEE, v. JAMES W. ACTON, APPELLANT: PIONEER REALTY & INVESTMENT COMPANY ET AL., APPELLEES.

283 N. W. 374

FILED JANUARY 13, 1939. No. 30448.

*Morrow & Morrow*, for appellant.

*Floyd E. Wright* and *Straight Townsend, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is an action to foreclose a tax sale certificate, issued by the county treasurer of Scotts Bluff county to the county of Scotts Bluff, duly assigned to the city of Scottsbluff, on tax lot 12, in section 23, township 22 north, range 55 west of the 6th P. M. Tax lot 12 contains approximately 17 acres and is a triangular piece of land abutting on the right of way of the Chicago, Burlington & Quincy Railway Company. The city of Scottsbluff laid a sewer along the south side of this tract of land and levied a special assessment against the south 150 feet of the same, comprising three to four acres, to pay the cost of construction

of the sewer. The county treasurer issued a tax sale certificate covering the entire tax lot 12, which included the land against which no special assessment was levied, and which was a greater portion of lot 12 than the land against which the assessment was levied.

On March 3, 1937, plaintiff filed a petition in foreclosure against lot 12 on a tax sale certificate for general taxes and special assessments, setting forth the amount due as $3,-035.41, and praying for foreclosure of the tax sale certificate and sale of the real estate, and for attorneys' fees and costs. Defendant Acton (appellant here) did not plead nor answer. On May 1, 1937, a default judgment was entered against defendant. No appeal was taken from this judgment. On July 12, 1937, prior to the sale of the land, defendant filed a petition in the district court in the same cause of action, alleging ownership of lot 12, and asking that the court divide the amount of the decree, setting forth the amount to be paid to redeem that part of lot 12 not within the sewer district, and against which the city of Scottsbluff had not levied a special assessment for improvements; that at the request of defendant, the county assessor had undertaken to divide, and had divided, taxes on lot 12, setting forth the amount to be paid to redeem that portion of lot 12 sought to be redeemed. On July 14, 1937, objections to the application of defendant for permission to redeem were filed in the district court by plaintiff, setting forth that the county assessor made no division of the tax levied against lot 12; that the division of the tax, alleged to have been made by the county assessor, was an unfair division, and that the county assessor was without authority to make a division of the tax; that lot 12 had never been divided, but was one lot and taxed as such; that after a decree is entered in a tax foreclosure suit there can be no partial distribution. The real estate was sold. Objections to confirmation, containing the same subject-matter as in the petition of defendant, were filed July 16, 1937; the sale was set aside and a new sale ordered, and objections to confirmation of the second sale

were filed by the defendant, containing the same subject-matter as in previous pleading. A journal entry by the court on March 7, 1938, among other findings, found that the question as to the validity of the tax sale certificate, issued by the county treasurer of Scotts Bluff county, had already been adjudicated and the certificate found to be valid by order of the court, entered in this action on July 27, 1937.

In the case before us we are concerned with the question whether or not the blanket tax sale certificate, issued by the county treasurer against tax lot 12, against a portion of which special assessments were levied by the city of Scottsbluff, is void, and, if void, did the district court have jurisdiction to enter a decree ordering said entire tax lot 12 to be sold to satisfy special assessments levied against a part thereof?

Section 16-651, Comp. St. 1929, reads in part: "Special taxes may be levied by the mayor and council for the purpose of paying the cost of constructing sewers or drains within the city, such tax to be levied on the real estate lying and being within the sewerage district in which such sewers or drains may be situated to the extent of benefits to such property by reason of such improvement."

In *McCaffrey v. City of Omaha*, 91 Neb. 184, 135 N. W. 552, this court held: "All taxes for such improvements must be levied on property specially benefited by the improvement, but no taxes for the improvement can be levied on property outside of the improvement district."

"The only foundation for special assessments rests in the special benefits conferred upon the property assessed." *Morse v. City of Omaha*, 67 Neb. 426, 93 N. W. 734.

In the case of *Hanscom v. City of Omaha*, 11 Neb. 37, 7 N. W. 739, it was held that special assessments could only be levied on property specially benefited, and only to the extent of the benefits. And in *Cain v. City of Omaha*, 42 Neb. 120, 60 N. W. 368, it was held: "The only foundation for a local assessment lies in the special benefits conferred upon the property assessed, by the improvement to pay

which the assessment is made, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation, and therefore illegal." In the opinion the case of *Hanscom v. City of Omaha, supra,* was cited.

This court is committed to the rule that all levies for special assessments must be made within the improvement district to the extent of the benefits to such property by reason of the improvement. The city of Scottsbluff properly levied the special assessments as shown by the ordinances.

The appellant cites section 77-2045, Comp. St. 1929, which in part reads: "No lot or parcel of land shall be sold for taxes due upon any other lot or parcel of land," and *Taylor v. Evans,* 106 Neb. 233, 183 N. W. 89, in which one Evans commenced a suit to foreclose tax liens, setting up each of the tax certificates as a separate lien upon the particular tract covered thereby. The owner of the land was made a defendant; he made no appearance, and a default decree was entered by the court against the owner. He failed to pay the amount of the lien as adjudged by the court against the owner. The clerk of the court combined the two amounts due upon both liens and directed the sheriff to sell both tracts for the aggregate sum, instead of keeping the two liens and the two tracts separate and distinct.

The owner of the land filed no objections to the sale, the sale was confirmed and deed ordered to the purchaser. Subsequently, the owner of the land commenced an action to cancel the deed and all proceedings leading up to it, and to be adjudged the right to redeem. Relief was granted him in the court below, and the sale was declared void. The decree was in conformity with the statute (Rev. St. 1913, sec. 6565, now Comp. St. 1929, sec. 77-2045). The violation by the sheriff of the terms of the decree undoubtedly would have entitled the owner to an order setting aside the sale, if he had filed timely objection before confirmation. The question was whether or not the action of the sheriff was a mere irregularity, which would be cured by confirmation, or was a mode of sale adopted by the

sheriff, in which the court was without jurisdiction either to order in the first instance, or afterwards, by confirmation, to ratify and approve. In the body of the opinion we find this language (p. 235) : "If it was clearly beyond the limits of the court's jurisdiction, a sale of the two tracts for the combined amount of the liens would be void, and, therefore, subject to collateral attack. The court could not, by confirmation, make valid a procedure which it could not in the first instance have ordered." And at page 237 the opinion stated: "We can see no distinction between a case wherein two or more separate tax liens upon distinct tracts are involved and a case in which two or more separate mortgages upon distinct tracts owned by the same person are sought to be foreclosed. In the latter case it has been held that a sale of the tracts together for a gross sum is unauthorized and void, and will be set aside in a collateral suit. *Hull v. King,* 38 Minn. 349. * * * The district court was, in our opinion, without jurisdiction to order or by confirmation to approve a sale so conducted; it was void and therefore open to collateral attack."

The case of *Taylor v. Evans, supra,* is authority for the proposition that, where a sale is void and conducted in violation of the decree of the court, such sale is subject to collateral attack by an independent action, or at any time by proper objections to confirmation. Where the tax sale certificate disclosed special assessments against a part of real estate not subject thereto, the defendant, under the decision in *Taylor v. Evans, supra,* could, by collateral attack, raise the issue at any time during the proceeding.

Plaintiff cites *School District D v. School District No. 80,* 112 Neb. 867, 201 N. W. 964, wherein this court held:

"A party to a lawsuit in the district court, where such court has jurisdiction over the person and subject-matter, will be bound by the judgment rendered in such case when collaterally attacking it, even though such judgment was irregularly or erroneously entered.

"If the trial court properly acquires jurisdiction, 'it has the right to decide every question which arises in the case,

and its orders and judgments, however erroneous, cannot be collaterally assailed. Such errors can only be taken advantage of by the proceedings in error or appeal to this court.' *Fraaman v. Fraaman,* 64 Neb. 472.

"A judgment acts as an absolute bar to a subsequent action based upon the same contentions, not only as to every matter offered to sustain or defeat said contentions, but also as to any other admissible matter which might have been offered for that purpose."

A careful reading of the above case discloses a clear distinction between it and the case at bar. The school district case involves a section of the statute providing for redistricting school districts. There is nothing to disclose that this section of the statute was void. In the instant case, the tax sale certificates, upon which the foreclosure decree was entered, are void.

The case of *Schobert-Zimmerman Drainage District v. Soll,* 132 Neb. 629, 272 N. W. 775, is cited by plaintiff, relative to special assessments had on two pieces of land owned by the same party and sold together on a tax sale certificate. The tracts were contiguous, and what the court did was to find the amount due against each tract of land separately, and if the sale of one was sufficient to take care of the amount due against both tracts, the surplus from the sale of one tract was to be applied in payment of the amount due against the other. The case is not analogous to the situation in the case at bar.

The tax sale certificates in this action are void. They cover real estate outside of the created sewer district and do burden all of lot 12 with the payment of special assessments, when, in fact, the greater portion of lot 12 is exempt therefrom. The district court was without jurisdiction to enter a decree of foreclosure on a void tax sale certificate.

In 61 C. J. 1127, it is stated: "The decisions generally recognize the following fundamental rules: (1) That a tax sale is invalid for every purpose unless the property was at the time liable for all the taxes for which it was sold. (2) That in the absence of a statute to the contrary each

parcel of a person's land separately assessed is liable to sale only for its own specific tax. (3) That where land is sold to pay the taxes due upon it, together with the taxes due upon other lands, whether such lands belong to the same or a different owner the sale is invalid."

Reference is here made to section 77-1602, Comp. St. 1929, relating to assessment books, how made by the county clerk, which is authority for the proper county official to segregate the special assessments in the instant case on the assessment books, as provided. Reference is also here made to section 77-1006, Comp. St. 1929.

For the reasons herein given, the judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.