COUNTY OF SCOTTS BLUFF, APPELLEE, v. OWEN A. FRANK ET AL., APPELLANTS.

13 N. W. 2d 900

FILED MARCH 31, 1944. No. 31682.

*Morrow & Miller*, for appellants.

*Jack L. Raymond* and *Frank Glebe*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an appeal from an order confirming a judicial sale of real estate. The trial court confirmed the sale. Defendants appeal. We affirm the judgment of the trial court.

Plaintiff brought this action for the foreclosure of a tax sale certificate. Defendants contended that the tax sale certificate was void and prayed for a declaration to that effect and that their title be quieted as against the claims of

the plaintiff. The trial court found for the plaintiff and entered a decree determining the amount due the plaintiff, declared the same to be a first lien on "All that part of the Northwest Quarter of Section 24, Township 22 North, Range 55 West of the Sixth Principal Meridian lying South of the Winter Creek Canal" (excepting certain parts described by metes and bounds, which had been segregated and redeemed from the tax sale certificate and which are not involved here). The trial court further decreed that in default of the payment of the amount so found due, together with costs and attorney's fees, for a period of 30 days, the premises be sold as upon execution, directed the order of the application of the proceeds of the sale, and that defendants be foreclosed of all right, title, interest and equity of redemption in and to said premises.

Thereafter, the defendants appealed to this court from that decree. The decree of the trial court was affirmed. See *Scotts Bluff County v. Frank,* 142 Neb. 698, 7 N. W. 2d 625, for a more complete statement of the facts, issues and findings. The mandate of this court was issued on the 13th day of March, 1943.

Thereafter, on March 17, 1943, the clerk of the district court issued an order of sale directing the sheriff to advertise and sell, as upon execution, the premises involved, describing them exactly as in the decree. Notice of sale was given in which the property was described exactly as in the decree. Thereafter, the sale was held, the property sold, and a return made.

The defendant, Owen A. Frank, filed objections to the confirmation of the sale. A hearing was had upon the objections to confirmation. The defendant produced evidence that the notice of sale was read at the sale, and the land was sold as one tract. The defendant offered in evidence a notice that he had served upon the sheriff, reciting that the assessment records and tax lists carried the land involved in two separate parcels under the names of two owners, at different valuations and with different amounts of taxes set opposite each tract; objecting to the land being sold in one

tract; and demanding that it be sold in separate parcels in accordance with the assessment records and tax lists. Defendant offered in evidence the bill of exceptions of the trial on the issues presented prior to the decree and then offered separately the assessment records and tax lists as they appear in the bill of exceptions. The trial court refused to admit the offers in evidence. The trial court overruled the objections, confirmed the sale, ordered the deed to be made and a writ of assistance to issue placing the purchaser in possession.

The defendants appeal, and assign here as error a series of objections which they reduce to the "principal issue," which they state is "the validity of the sale of the two tracts *en masse.*" They argue that section 77-2045, Comp. St. 1929, provides in part that "No lot or parcel of land shall be sold for taxes due upon any other lot or parcel of land," and rely upon *Taylor v. Evans,* 106 Neb. 233, 183 N. W. 89, and *City of Scottsbluff v. Acton,* 135 Neb. 636, 283 N. W. 374.

This contention was advanced to this court when we determined, adverse to the defendants, the fact questions presented and the applicable law, and affirmed the decree of the trial court.

In *Taylor v. Evans, supra,* there were separate tracts of land, separately sold for delinquent taxes, separate tax sale certificates issued, separate liens asked for and determined in the foreclosure action, and a decree rendered ordering each tract to be sold separately for the amount of the lien adjudged thereon. In the order of sale the two liens and two tracts were not kept separate and distinct, but were combined, and the sheriff directed to sell both tracts for the aggregate sum of both liens. Both tracts were appraised and sold together, the sale confirmed and the deed issued. Plaintiff brought an action to cancel the deed, to set aside the proceedings and to be let in to redeem. This court there held that the mode of sale was one which the court was without jurisdiction to order or later confirm, and that the sale was void and subject to collateral attack. It will be

noted that the error occurred in the proceedings subsequent to the decree, and consisted in a sale in violation of the terms of the decree. In the instant case, the defendants Frank seek to go behind the decree which this court affirmed, relitigate the issues there decided against them, and secure a sale, not in accord with, but in violation of, the terms of the decree. In the *Taylor* case it was further said that the provision of the statute relied upon here "prohibits the district court, in a suit in which the holder of separate tax liens upon distinct tracts owned by the same person seeks foreclosure, from ordering the sale of one tract for the lien upon another." Quite obviously the statute does not prohibit the district court from ordering the sale of a tract of land where it has been determined that there was but one tax lien upon the one tract ordered sold. So far as it is applicable here, the *Taylor* case is authority for the proposition that the land must be sold in accordance with, and not in violation of, the terms of the decree, for this court in that case said: "The violation by the sheriff of the terms of the decree would undoubtedly have entitled the appellee, as owner of the land, to an order setting aside the sale, if he had filed timely objection before confirmation."

In *City of Scottsbluff v. Acton, supra*, special assessments had been levied against a part of a tract of land. A tax sale certificate for the general taxes and the special assessments was issued covering the entire tract. This court held that the tax sale certificate was void, and that the trial court was without jurisdiction to enter a decree of foreclosure thereon. In the instant case, the tax sale certificate was held valid by the trial court, and its decision affirmed, after a full review, by this court, and that determination has become final.

Defendants further contend that "As long as the decisions in the *Taylor* and *Acton* cases stand as the law in this state and as long as section 77-2045 remains in the statutes, the sale in this case cannot be confirmed without denying" them the "equal protection of the law as guaranteed by Section 1 of the Fourteenth Amendment to the Con-

stitution of the United States." The above analysis of the decisions construing the statute demonstrates that there is no merit in their contention in that regard.

It has long been the rule that the only matters inquired into and adjudicated in the proceedings for confirmation of a judicial sale are those steps which the law requires shall be had and done for the satisfaction of the decree. Comp. St. 1929, sec. 20-1531; *Schribar v. Platt*, 19 Neb. 625, 28 N. W. 289; *Best v. Zutavern*, 53 Neb. 619, 74 N. W. 81; *Wollmer v. Wood*, 119 Neb. 248, 228 N. W. 541; *Douglas County v. Barker Co.*, 125 Neb. 253, 249 N. W. 607; *Holferty v. Wortman*, 135 Neb. 732, 283 N. W. 855; *Wallace v. Peterson*, 136 Neb. 39, 284 N. W. 866.

There is a further rule that is here applicable. Alleged errors of law in a decree and in the proceedings leading thereto are not reviewable upon objections to confirmation of a sale had thereunder. *Cochran v. Cochran*, 1 Neb. (Unof.) 508, 95 N. W. 778; *Beatrice Paper Co. v. Beloit Iron Works*, 46 Neb. 900, 65 N. W. 1059; *Hoover v. Hale*, 56 Neb. 67, 76 N. W. 457; *Cox v. Parrotte*, 59 Neb. 701, 82 N. W. 7; *Douglas County v. Barker Co., supra*; *Farmers Security Bank v. Wood*, 132 Neb. 175, 271 N. W. 349.

Defendants' attack here is not upon the proceedings had subsequent to the decree, but upon the decree itself, and upon the questions of fact and law that were determined in the decree. They are not reviewable upon objections to the confirmation of the sale.

This determination makes it unnecessary to review the assignments of error that go to the rejection of the offer of the many exhibits.

The judgment of the trial court is affirmed.

AFFIRMED.