CHARLES C. VOLZ, APPELLANT, V. RUTH I. VOLZ, APPELLEE.

25 N. W. 2d 887

FILED JANUARY 22, 1947. No. 32147.

C. E. Sanden, for appellant.

Perry & Perry, Van Pelt, Marti & O'Gara, and Max Marshall, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This is an appeal from an order of confirmation of a judicial sale. We affirm the judgment of the trial court.

The transcript recites that on June 20, 1933, plaintiff was granted a divorce from his wife, the defendant. A minor daughter, Gladys Lillian Volz, was placed in the custody of the defendant, and plaintiff was ordered to pay the defendant $5 per week for the support of the child until she reached the age of 18 years, or defendant relinquished the care and custody of the child, or until the further order of the court.

On November 30, 1945, execution was issued on the decree. Across the top of the execution are typed these words: "Credit on costs $13.05 and Credit on Judgment $405.00." Pursuant to the execution, the sheriff levied upon a lot described as in Havelock, Lancaster County, and sold the same at sheriff's sale to the defendant for $500, on January 22, 1946. Defendant filed a motion to confirm the sale.

Plaintiff filed objections to confirmation and moved to set aside the sale on the grounds that the judgment was dormant; that no revivor had been instituted; that there was no lien on the property, by reason of a release by the person for whose benefit the judgment was entered; that the property was held by the plaintiff and his wife under deed providing title vests in the survivor; that the property was the homestead of the plaintiff and his wife; that it had a value of more than $4,000; and that the bid was inadequate, insufficient, and disproportionate. The ground as to value was supported by affidavit.

Hearing was had. It was stipulated that the records of the register of deeds show a warranty deed "to Charles C. Volz and Esther B. Volz, husband and wife, with right to survivorship as joint tenants and not as tenants in common," dated December 10, 1943, and likewise a mortgage on the property, dated December 9, 1943, for $2,150, "from Charles C. Volz and Esther B. Volz, husband and wife, * * *." Plaintiff offered no evidence other than the stipulation as to the mortgage. Defendant offered the birth certificate of the minor daughter showing her birth on May 1, 1924; that she lived with and was supported by her mother until her marriage January 18, 1943; and that the plaintiff had paid nothing for her support save what was paid through the clerk of the district court. The amount and dates of the payments were not shown.

It also was shown that the daughter had on February 5, 1945, executed a release of this property from the child support judgment, but it was not to operate as a discharge otherwise. This appears to have been filed in this proceeding on June 11, 1945. The value of the property was shown to be about $4,000.

The trial court found that the judgment was valid and subsisting and not dormant; that the purported release was by a person having no right, title, or interest in and to said judgment; that the interest of plaintiff in the property was subject to the levy of the execution; that the home-

stead interest did not exist as against the judgment; that the sale had been conducted in conformity to the statutes; that the property had sold for its fair and reasonable value under the circumstances and conditions of the sale; and that a subsequent sale would not realize a greater amount. The court overruled the plaintiff's objections, confirmed the sale, and ordered the sheriff to execute and deliver the deed. Motion for a new trial was made and overruled.

Plaintiff assigns as error the findings that the judgment was valid and not dormant; that the release was signed by one having no right or interest therein; that the homestead interest did not exist as against the judgment; that the property sold for its fair and reasonable value under the circumstances; and that the sheriff should execute and deliver the deed.

We need not discuss the lack of evidence to sustain several of plaintiff's contentions. "It is the law in this jurisdiction that 'The only matters inquired into and adjudicated in the proceedings for confirmation of a judical sale are those steps which the law requires shall be had and done for the satisfaction of the decree.' County of Scotts Bluff v. Frank, 144 Neb. 512, 13 N. W. 2d 900." Ehlers v. Campbell, ante, p. 572, 23 N. W. 2d 727. The only matter presented here, which was properly before the trial court for consideration, is the charge that the sale price was inadequate. As to that the rule is: "An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale." Lincoln Trust Co. v. McDowell, 145 Neb. 473, 17 N. W. 2d 349. As a matter of course, the same rules apply to execution sales, such as are here involved. Ehlers v. Campbell, supra.

There is no charge or evidence of fraud. There is no evidence as to the value of plaintiff's interest in the land sold.

There is no evidence that a higher bid could be obtained in the event of another sale. The trial court did not err in ordering the execution and delivery of the sheriff's deed.

The judgment of the district court is affirmed.

AFFIRMED.